JAMISON v. THE BURLINGTON & WESTERN R'Y Co.

1. Railroads: CONDEMNATION OF RIGHT OF WAY: APPEAL: WHEN TAKEN. The time for taking an appeal from an award of damages for right of way for a railroad begins to run, not from the day when the premises are viewed by the jury, but from the time the assessment is actually made, reduced to writing and made public, or in some legitimate manner brought to the knowledge of the parties interested.

2. ——: ——: DATE OF AWARD: EVIDENCE: AFFIDAVIT OF JUROR. The affidavit of one of the jurors in proceedings to condemn right of way for a railroad is admissible to prove the date on which the award was actually made.

3. ———: ———: NOTICE OF APPEAL: ON WHOM SERVED: AGENT. The notice of appeal from an award of damages for right of way for a railroad, when taken by the land owners, may be served on a civil engineer. who has charge of the surveys and location of the road and of an office of the company within the county, and who has transacted business connected with the procuring of the right of way. The statute requires service on an "agent" only, without designating the kind of agent.

*Appeal from Mahaska Circuit Court.*

SATURDAY, OCTOBER 23.

THE defendant caused a sheriff's jury to be impaneled for the purpose of assessing the damages sustained by the plaintiff for the right of way over real estate owned by him. From the assessment the plaintiff appealed to the circuit court, and the defendant filed a motion to dismiss the appeal on the grounds that the appeal was not taken in time, and that the notice thereof was not served upon the agent of appellant. The court overruled this motion, and judgment was entered against defendant. A motion for new trial being overruled, defendant appeals.

*Kelley & Cooper* and *John F. Lacey*, for appellant.

*Bolton & McCoy*, for appellee.

SEEVERS, J.—The award or assessment of damages returned to the sheriff by the jury states: "And it appearing that John R. Jamison had been duly notified of the proceedings herein, and of the time and place where we would view the said premises and assess said damages, we did, on the sixth day of July, 1883, at one o'clock P. M., inspect and view the following premises, * * * and assess the damages the owners will sustain," etc. Such appraisement was filed in the sheriff's office on the ninth day of July, 1883. The appeal, if taken at all, was taken by the service of the requisite notice on the sixth day of August, 1883. It is provided by statute that either party may appeal from "such

assessment    *    *    *    within thirty days after the assessment is made, by giving the adverse party, or, if such party is the corporation, its agent or attorney, and the sheriff, notice in writing that such appeal has been taken." Code, § 1254.

I. It is insisted by the appellant that the time stated in the return made to the sheriff is conclusive evidence of the

1. RAIL-ROADS: condemnation of right of way: appeal : when taken.

time when the assessment was made, and that the time for taking the appeal then begins to run. We think the time for taking the appeal begins to run from the time the assessment is in fact made, reduced to writing, and is made public, or in some legitimate manner comes to the knowledge of the parties interested. Whether such time precedes the filing or placing the assessment in the hands of the sheriff we have no occasion to determine. Upon the hearing of the motion certain affidavits of some of the jurors and others were introduced in evidence, which were uncontradicted, and which fully warranted the court in finding that the jury viewed the premises on the sixth day of July, but that they in fact did not make the assessment until the ninth, the day it was filed in the sheriff's office. To the introduction of these affidavits in evidence, counsel for the defendant objected on the ground that the verdict or assessment was thereby impeached, and

2. ——: ——: date of award: evidence: affidavit of juror.

therefore the affidavits of the jurors were incompetent. The rule is that the evidence of jurors may be introduced to sustain a verdict, but not to impeach it but affidavits of jurors may be received, for the purpose of avoiding a verdict, to show any matter which does not essentially inhere in the verdict. *Wright v. Illinois & M. Tel. Co.*, 20 Iowa, 195. The assessment in question, however, was not impeached in any manner by showing when it was actually made; nor did such date inhere in and form a material part of the assessment. It was equally good, whether made on the sixth or ninth day of July, and we think the affidavits of jurors were admissible for the purpose of showing when it was actually made.

II. The notice of appeal was duly served on the sheriff and A. F. Tracy, "civil engineer and agent for said com-

**3. —: —, notice of appeal: on whom served: agent.** pany," as appears from the return of the sheriff. The statute requires the notice to be served on the "agent or attorney" of the company. The defendant insists that Mr. Tracy was not its agent. It is not material to inquire, under the foregoing return, on whom was the burden of proof, or whether, by appearing and moving to dismiss the appeal, the defective service, conceding it to be such, was waived. It will be observed that the statute uses the general term "agent," and the kind and character of the agency is in no manner specified. From the evidence introduced below it is quite clear that Mr. Tracy was the agent of the defendant for some purposes. He was the engineer in charge of the surveys and location of the road. The defendant had an office in the county, and Mr. Tracy was in charge of it. He transacted business connected with procuring the right of way, and we think the notice of appeal could be properly served on him, and that the defendant is bound thereby, for the reason that he was an agent of the defendant; and this is all the statute requires.

The ruling of the circuit court is

AFFIRMED.