MICHAEL S. ALLGEAR, Respondent, v. JAMES WALSH, Appellant.

Kansas City Court of Appeals, January 10, 1887.

1. BAILMENT — OBLIGATION OF BAILEE — EFFECT OF REFUSAL TO RETURN — CASE ADJUDGED.— Where one voluntarily accepted property as that of another, and agreed to hold it for him subject to his order, it became obligatory on his part to return it to the bailor upon demand, and a refusal to do this amounts in law to a conversion. Even where a debtor deposits personal property in the hands of another as bailee for the purpose of *fraudulently secreting it* from his creditors, · the bailee cannot avail himself of the fraudulent intent of the depositor, to defeat an action brought against him by the bailor for the recovery of such property.

2. CONTRACT — COLLATERAL SECURITY — RIGHTS AND POWERS OF PLEDGEE—CASE ADJUDGED.—Where property was pledged as collateral security for indemnifying a surety it could not be taken from him by the pledgeor until the debt was paid ; nor, by transfer to a third party, discharged of the security against the pledgee's consent.  But *he* may waive his claim and consent to the withdrawal of the property by the pledgeor, or by any party to whom he transferred his interest.

3. ———— PERSONAL PROPERTY—WHAT IS SUFFICIENT IDENTIFICATION OF.—Where the sale of a specific chattel out of a larger quantity or bulk of like quantity, differing in quantity or value, requiring a selection to be made by the vendee for identification, there is, without more, wanting in certainty of description to pass the title.  But anything *distinguishing* it from the rest is sufficient, and no manual segregation is essential to identification or delivery.

4. ———— ———— ACTUAL POSSESSION NOT · ALWAYS NECESSARY TO TRANSFER TITLE.—*It is not always necessary that the owner of*

personal property should be in the actual possession of it to transfer the title. Where the property is in the possession of an agent or bailee of the owner, and the owner sells it, and the agent or bailee is notified of the fact, he then holds for *the vendee* as *his* agent or bailee. His possession is that of the vendee. In such case mere words are sufficient to pass the title, and it is not necessary that the vendee should actually receive it.

APPEAL from Buchanan Circuit Court, HON. JO-SEPH P. GRUBB, Judge.

*Affirmed.*

The case and facts are stated in the opinion.

WOODSON & WOODSON, for the appellant.

I. The object of the statute to prevent betting and gambling was the protection of the public morals, and the court should have instructed the jury, as asked by defendant, that plaintiff could not recover. *Story v. Brennen*, 15 N. Y. 524; *Hayden v. Little*, 35 Mo. 418; 12 Metcalf (Mass.) 327; 11 Cushing (Mass.) 358. The central idea of the act, which is in aid of the statute defining and punishing gambling as a criminal offence, is to discourage and suppress gambling by the most effective of all methods, that of preventing the gambler from retaining the spoils of his nefarious vocation, and from successfully transferring it. *Williams v. Wall*, 60 Mo. 318; *Kitchen v. Greenabaum*, 61 Mo. 110; *Fisher v. Hildreth*, 117 Mass. 562; *Peck v. Briggs*, 3 Denio (N. Y.) 107.

II. A statute cannot be evaded by estoppel *Railroad v. Van Horn*, 57 N. Y. 476.

III. An election wager is illegal and the winner cannot maintain an action for it against the stakeholder. *Worthington v. Black*, 13 Indiana, 344; *Huedock v. Kilbourn*, 6 Wis. 458; *Hayden v. Little*, 35 Mo. 418; *Williams v. Wall*, 60 Mo. 318; *Kitchen v. Greenabaum*, 61 Mo. 110. When a stakeholder's money or prop-

erty is bet by another and lost the stakeholder may recover the same. *Peck v. Briggs*, 3 Denio (N. Y.) 107·; *Hardy v. Hunt*, 11 Cal. 343. Nor does the doctrine of estoppel apply in such a case. 11 Cal. 343; *Kitchen v. Greenabaum*, 61 Mo. 110. It is immaterial that Flaisig made the bet of the barrel of whiskey in his own name. It belonged to defendant and he had the right to refuse to turn it over to plaintiff. *Cato v. Hutson*, 7 Mo. 75; *Ruckman v. Pitcher*, 29 N. Y. 9; *David v. Orme*, 36 Ala. 540.

IV. A creditor of any person who loses money on an election may recover the same from the winner. Sects. 5720, 5721, Rev.·Stat.; *Williams v. Wall*, 60 Mo. 318; *Reynolds v. McKinney*, 4 Kan. 94. Defendant in this case was a creditor of Flaisig. The court, therefore, erred in not sustaining defendant's demurrer to the evidence, and in refusing defendant's instruction telling the jury to find for him.

James W. Boyd, for the respondent.

I. Plaintiff does not sue defendant as stakeholder, but as a depository or bailee. The authorities cited, therefore, under that view are not relevant, and do not sustain the positions assumed in brief, if they were.

II. Instruction *seven*, given to the jury by the court, at the *request of the defendant*, presented the issues in the case fairly and correctly. Having at the trial committed himself to the theory presented by *him*, in said instruction, defendant cannot now claim that that theory is erroneous, or that the court erred in giving the instruction he himself asked. *McGonigle v. Dougherty*, 71 Mo. 259; *Davis v. Brown*, 67 Mo. 313; *Crutchfield v. Railroad*, 64 Mo. 255; *Bank v. Armstrong*, 62 Mo. 59. Defendant is bound by the theory of the law in the case presented at the trial by him, in said instruction asked by him (No. 7) and given by the court, even if said instruction were erroneous; but said instruction is correct. 67 Mo. 313; 64 Mo. 255; 71 Mo. 259. Instructions

given for plaintiff on the same theory are correct. De-
fendant will not be heard to say . that it is not the law.
71 Mo. 259, and other cases cited.·

III.   Exception to the action of the court in refus-
ing a demurrer to plaintiff's evidence, was not made
*at the time.* The record says defendant "excepted,"
but does not say *when* he excepted. *Case v. Fogg,* 46
Mo. 44.

IV.   Defendant's instruction number seven, as well
as instruction number one of plaintiff, gave to the jury
the law of the case. By their verdict the jury found
that the defendant had received the whiskey from plain-
tiff as *bailee,* under an agreement to return it to plaintiff
when demanded. The finding of the jury on the facts
submitted to them by *the defendant,* in said instructions,
is certainly binding on the defendant   The jury found
that Walsh held said whiskey as bailee of plaintiff; the
evidence tended to show this; the finding of the jury
is conclusive on this question of fact; hence, it is imma-
terial whether defendant endorsed Flaisig's note or not,
or whether any part of said note remains unpaid.

V.   It is not illegal to own a barrel of whiskey.
Besides plaintiff is not here seeking to enforce any illegal
contract.   His contract with defendant, for defendant to
hold whiskey for plaintiff, is *certainly legal.* The case
in 61 Mo. 110 is not relevant.

VI.   The case was properly submitted to the jury;
the verdict is just and right, and no error was committed
by the trial court.

PHILIPS, P. J.—The plaintiff sued the defendant
in trover for the conversion of a barrel of whiskey. The
answer, after tendering the general issue, pleaded that
prior to the general state election in 1884, the plaintiff
made a bet with one Flaisig, to the effect, that plaintiff
wagered one hundred dollars against one barrel of
whiskey, the property of Flaisig, that Marmaduke
would be elected governor of the state; that prior to

this bet the said Flaisig, in order to induce defendant to go on a note with him as surety to the Saxton National Bank, of St. Joseph, for the sum of twenty-two hundred dollars, agreed to, and did, turn over to defendant thirty barrels of whiskey as collateral security ; that he accordingly executed said note, which has not been paid off or satisfied ; that at the time of the making of the said bet the plaintiff and Flaisig came to him, when plaintiff asked if he (defendant) had a barrel of whiskey belonging to Flaisig, to which he answered that he had, but without explaining to plaintiff how he held the same. The answer alleged that he held said barrel by reason of said pledge, and that the wager between the said parties was illegal, etc.

Plaintiff had judgment, from which defendant has appealed.

I. The appellant presents his case on the theory, first, that this action, in its essence, is to enforce a wagering contract, or to recover from a stakeholder property won on a bet on an election. It is manifest, from the instructions given and refused by the court, that it tried the case on the theory that plaintiff's cause of action was predicated on a transaction independent of the wagering contract; and which supervened after the performance by the parties.

The evidence, so far as we are able to gather it from the most fragmentary of abstracts furnished this court by the parties, shows that the wager between plaintiff and Flaisig required the plaintiff to put up his check for one hundred dollars against one barrel of whiskey owned by Flaisig, then in the possession of defendant as agent or bailee of Flaisig. The check and whiskey were to be placed in the hands of defendant as stakeholder. When the parties went to defendant to make the deposit, the plaintiff asked defendant if Flaisig had the barrel of whiskey with him, particularly described, as hereinafter stated, to which defendant answered that he had.

Thereupon the check and whiskey were left with defendant as stakeholder. After the election, it was agreed between the parties that plaintiff had won the bet, and the defendant was so advised by Flaisig and plaintiff. Thereupon defendant turned over to plaintiff the check so deposited with defendant. The plaintiff observed to defendant that, as to the barrel of whiskey, "he feared he had drawn an elephant, as he did not wish to take out a license, and did not think he could drink it up; and proposed to defendant to leave the same with him until such time as he should call for it." To which, according to plaintiff's testimony, the defendant answered, "all right," and according to defendant's testimony, he said "neither yes, nor no." His silence, however, was tantamount to assent.

Some months after this, when the plaintiff demanded of defendant the whiskey, he refused to deliver it, assigning as a reason that he held the same as collateral security. This was the first time he had mentioned the claim of the pledge.

This state of facts, about which there is no controversy, clearly made out a second bailment, wherein the plaintiff was bailor and the defendant was bailee. Having voluntarily accepted the property as that of the plaintiff, and agreeing to hold it for him, subject to his order, it became obligatory on his part to return the same to plaintiff upon demand, and his refusal amounted in law to an act of conversion. *Fulkerson v. Ingles*, 17 Mo. App. 232; *Smith v. Stephens*, 9 Mo. 873; *O'Donohoe v. Corby*, 22 Mo. 393; *Williams v. Wall*, 60 Mo. 318.

II. Under such a state of facts, the action is predicated upon the last contract of bailment, and the question of the legality, or illegality of the first arrangement between plaintiff and Flaisig has nothing to do with the controversy. In *Armstrong v. Toler* (11 Wheat. 258), while the general rule was recognized, that the courts will not enforce contracts growing immediately out of, or connected with, an illegal act, yet it was held that if the

promise on which the action is predicated be discon-
nected from the illegal act, and founded on a new un-
dertaking, it is not affected by such act, though it was
known to the promisee, who abetted the illegal act.

In recognition, no doubt, of this ruling, it has been
held that the test whether a claim connected with an
illegal transaction be enforceable at law is whether
the plaintiff requires the aid of the forbidden trans-
action to establish his case. If he can fully de-
velop his cause, without predicating it on the illegal
matter, so that it is not in fact and law dependent
thereon, the action is maintainable. *Dunham v. Scott*,
11 Serg. & R. 164; *Thomas v. Brady*, 10 Barr. 170;
*Hall v. Green*, 73 Penn. St. 198; *Tyler v. Larimore*,
19 Mo. App. 458; *Parsons v. Randolph*, 21 Mo. App.
353.

All that was necessary to enable plaintiff to make
out the case stated in the petition was to prove the
agreement by which Flaisig, the admitted original owner
of the whiskey, consented that the defendant should
turn the same over to plaintiff, and the defendant's as-
sent to hold the same subject to plaintiff's order, the
demand and refusal to return to plaintiff. This case is
little distinguishable in principle from that of *Gowan,
Adm'r, v. Gowan* (30 Mo. 472), in which it was held that
where a debtor deposits personal property in the hands
of another as bailee for the purpose of fraudulently
screening it from his creditors, the bailee cannot avail
himself of the fraudulent intent of the depositor, to
defeat an action brought against him by the bailor for
the recovery of such property. Napton, J., in deliv-
ering the opinion of the court, very appositely observed :
" The plaintiff simply asks that the bailment may be en-
forced ; that as he put the property in the defend-
ant's hands, subject to his order, he shall now have it
again when demanded. No document or fact is alleged
to show that the transaction was any otherwise than it
appeared to be."

The same principle, in effect, was again recognized by the Supreme Court in *Watson v. Harmon* (85 Mo. 443), where the vendor of goods was left in possession by the vendee as a cloak to defraud the creditors of the vendee. The vendee was allowed to maintain trover against the vendor who refused on demand to surrender the goods.

So in *Charles v. McCune* (57 Mo. 166), the plaintiff, who had sent certain stock from Missouri into Texas during the war, in contravention of the non-intercourse proclamation of the president, was held to be entitled to maintain trover against the defendant, who acquired the possession of the stock, and converted the same to his own use. While the violation of the proclamation rendered the stock subject to confiscation, that fact constituted no defence to the conduct of the defendant.

III. It is pleaded in the answer, and insisted on here, that the defendant having received the whiskey from Flaisig as collateral security to indemnify defendant as surety on the note to the bank, the property could not be taken from him by the plaintiff until proof of satisfaction of the debt for which it stood pledged.

It may be conceded, for the sake of this contention, that the whole of the note has not been paid to the bank. It may further be conceded that the defendant had the right to hold the whiskey until the whole of the debt to the bank was discharged. It may also be conceded that Flaisig could not, while defendant so held the property, transfer the same to a third party discharged of the security, against defendant's consent. But one difficulty in the way of defendant's securing on this appeal any special benefits from this specific defence is, that in no instruction asked by him did he present this precise issue unmixed with other objectionable matter.

Throughout the declarations of law asked by him touching this matter, he made the defendant's liability to depend on the fact as to whether any particular barrel

of whiskey was bet on the election, and whether it was so separated from other barrels as to be identified. It wholly ignored the question, of supreme importance, as to whether or not the defendant consented for Flaisig to bet the whiskey in question, and that it might be withdrawn from the pledge, and whether he did not consent to hold it as the property of plaintiff. Unquestionably, while the defendant had the right to insist upon retaining the whole of the property so pledged to him until the whole of the debt to the bank was liquidated, he as clearly had the right to waive his claim and consent to a withdrawal by Flaisig of the property or by any party to whom he transferred his interest. The defendant himself recognized that there was evidence to go to the jury to warrant a finding on the question of such withdrawal and the bailment to him by plaintiff, for he asked the following instruction, which the court gave :

"7. The court instructs the jury that before the plaintiff can recover in this suit he must show by the evidence, to the satisfaction of the jury, that he delivered to defendant the barrel of whiskey sued for, and that he received the same as bailee of plaintiff and agreed to hold it as such for him."

This, taken in connection with the instructions given on behalf of the plaintiff, clearly indicates that the jury found by their verdict that defendant accepted as bailee from plaintiff the whiskey in question, and agreed to hold it as such for plaintiff.

IV. This brings us to a consideration of the only remaining question of importance arising on this record. The appellant insists that there was no sufficient description and delivery of the particular barrel of whiskey to enable the plaintiff or the jury to identify the same; and, therefore, the contract is void for uncertainty. There is no little confusion and conflict in the American decisions bearing upon the question of a sufficient identification of personal property where a party is attempted to be sold out of a greater bulk or quantity of like

character and quality. This subject is discussed, and the authorities largely cited, in foot note to chapter 4, title, "Sale of chattels not specific," by Benjamin on Sales (4 Ed). The generally recognized rule in this country may be stated, I take it, to be: that where the sale of a specific chattel out of a larger quantity or bulk of like quality, differing in quantity or value, requiring a selection to be made by the vendee for identification, there is, without more, wanting in certainty of description to pass the title.

We must determine this issue, as applied to the facts of this case, by the abstract of record before us. If the appellant desire, such questions to be properly considered, depending as they do upon the whole facts bearing thereon, he should have presented in printed abstract the whole of the evidence. Otherwise we must presume that the instructions of the court were properly predicated upon the evidence. The evidence, as we are enabled to gather it from the fragmentary parts presented in the abstract by both parties, shows that the barrel of whiskey bet, and which defendant had in his possession, was particularly described as "Howard whiskey of the spring of 1881." When Flaisig and plaintiff went to defendant to deposit the stakes, plaintiff asked him if he had such a barrel of whiskey in his possession belonging to Flaisig? He answered that he had, and stated to plaintiff what he would be willing to give for it in the event plaintiff should prove to be the winner. He accepted from plaintiff his check for the one hundred dollars put up by him, and agreed to hold such barrel of whiskey against the same. After the election, when advised by the parties that plaintiff had won the bet, the defendant agreed to hold this barrel of whiskey for plaintiff until called for. No question about identification was suggested by defendant. If any other barrel, or all of them, held by defendant in pledge bore a like brand, or if the barrels differed in quantity or value, the defendant should have made these facts ap-

pear affirmatively, as the predicate for the instructions asked by him touching this aspect of the case. It devolves on the party alleging error to make it appear; and when he fails to make the imputed error apparent the judgment should be affirmed. *Miller v. Glass* (S. Crt. Ill.) 6 West Rep. No. 3340.

The instructions asked by defendant were properly refused, because they required that the particular barrel of whiskey should have been separated and set apart from the other thirty barrels, and accepted by the plaintiff. They ignored the fact of the distinguishing brand on the barrel in question, and of defendant's consenting to hold the barrel for plaintiff. No manual segregation was essential to identification or delivery.

Another instruction asked by defendant required the jury to find that the identical barrel was delivered by Flaisig, or some one authorized by him, to plaintiff, and asserted that no mere words would constitute a delivery, "but the plaintiff must have accepted and actually received a part, or all, of the whiskey won."

This was calculated to mislead, and, under the facts of this case, asserted a wrong proposition of law. It is not always necessary that the owner of personal property should be in the actual possession of it to transfer the title. Where the property is in the possession of an agent or bailee of the owner, and the owner sells it, and the agent or bailee is notified of the fact, he then holds for the vendee as his agent or bailee. His possession is that of the vendee. *Erwin v. Arthur*, 61 Mo. 387; *Worley v. Watson*, 22 Mo. App. 552-3.

In such case mere words were sufficient to pass the title from Flaisig to plaintiff, and it was not necessary that plaintiff should "actually receive" it.

On the whole record we are of opinion the defendant had a fair trial, and the verdict was for the right party. The judgment of the circuit court is accordingly affirmed. All concur.