87 265
131 683

J. R. JAMISON, Appellant, v. BURLINGTON & WESTERN RAILWAY COMPANY, Appellee.

Right of Way: CONDEMNATION AND APPEAL: ACCEPTANCE OF AWARD: INTEREST. Where the plaintiff's damages for right of way were determined upon an appeal from the condemnation proceedings, and from this award an appeal was taken to the supreme court, where it was affirmed, and afterwards the plaintiff accepted from the sheriff the amount allowed, and the defendant paid the costs, and the cause was at an end, *held*, that an application subsequently made by the plaintiff to have the case redocketed, and for an allowance of interest on the award, was properly overruled.

*Appeal from Mahaska District Court.*—Hon. D. Ryan, Judge.

Wednesday, January 25, 1893.

This is an appeal from an order of the district court overruling an application for the allowance of interest on an award of damages made to the plaintiff, by reason of condemnation proceedings for right of way over his farm for the defendant's railroad. The plaintiff appeals.—*Affirmed.*

*Bolton & McCoy*, for appellant.

*Kelly & Cooper* and *J. F. & W. R. Lacey*, for appellee.

Rothrock, J.—The facts of the case are not disputed, and are as follows: The defendant desired the right of way across the plaintiff's farm, and a sheriff's jury was organized; and on the ninth day of July, 1883, the damages were assessed at six hundred and ninety-one dollars. The plaintiff appealed from this assessment to the circuit court, where a trial was had, which resulted in an award of one thousand, six hundred dollars. The trial was had in the circuit court in April, 1885. Soon thereafter the defendant deposited the said sum of one thousand, six hundred dollars with the sheriff of the county, and an appeal was taken by the defendant to this court. An appeal bond in the penalty of two hundred dollars was filed, which purported to stay proceedings. The appeal was not taken because the award was excessive, but for the alleged reason that the appeal to the circuit court was not taken in time, and because there was no proper notice of appeal. The cause was affirmed in this court. See 69 Iowa, 670. A *procedendo* was issued on the thirteenth day of December, 1886. On the twenty-

fourth day of the same month the plaintiff received the one thousand, six hundred dollars deposited, and receipted therefor as "part payment." On the fourteenth day of January, 1887, the defendant paid all of the costs in the case. This application for interest on the award was filed in the court below on the eighteenth day of May, 1888.

It will thus be seen that the plaintiff seeks to open up a case nearly a year and a half after a full adjudication, and the payment of all the costs, for the purpose of adjudicating a question of interest, which should have been presented to the court, in some form, before the whole controversy was closed up by the payment of the one thousand, six hundred dollars to the plaintiff, and the full settlement of the costs by the defendant. We assume that it was on this ground that the motion of the plaintiff was overruled. It is very plain that the plaintiff could not maintain an original action for the interest. *Hayes v. Chicago, M. & St. P. Railway Co.*, 64 Iowa, 753. The motion to docket the case, and try another feature of the controversy between the parties, was rightly overruled, because there was no proper case to be redocketed. The question is entirely different from a motion to retax costs, which is allowed by reason of some mistake of an officer in making up a cost bill after the final decision. Here the plaintiff is seeking to renew a controversy as to the amount of the recovery, which he should have presented at some time while the case could be said to be in court. It appears to us that the case, as presented, is in principle identical with *Hayes v. Chicago, M. & St. P. Railway Co.*, supra. The cases would be identical if the plaintiff in this case had brought an original action for the interest. It would lead to all manner of uncertainty in the administration of justice, and there would be no end of litigation, if parties were allowed, by motion, to redocket causes after

every cent of damages and costs is paid, and make an issue demánding a recovery for a greater amount. The judgment of the district court is AFFIRMED.