SOUTHERN RY. CO. v. DUNLOP MILLS.

(Circuit Court of Appeals, Fourth Circuit. November 10, 1896.)

No. 158.

INTEREST—RAILROAD RECEIVERSHIP.

When the principal sum of a claim for supplies furnished to a railroad has been accepted by the creditor from the receivers, he cannot afterwards recover interest by petition to the court.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia.

This was a bill for foreclosure of mortgage by the Central Trust Company against the Richmond & Danville Railroad Company. The Dunlop Mills intervened, and sought payment of interest on a claim for supplies, the principal sum of which had been paid by the receivers of the road. From a decision in favor of the intervener, this appeal was taken.

Willis B. Smith and Henry Crawford, for appellant.

Wyndham R. Meredith, for appellee.

Before SIMONTON, Circuit Judge, and HUGHES and MORRIS, District Judges.

SIMONTON, Circuit Judge. This case comes up on appeal from the circuit court of the United States for the Eastern district of Virginia.

This is an intervention in the case of the Central Trust Company of New York against the Richmond & Danville Railroad Company. By stipulation of counsel, the following constitutes the claim: The claim of Dunlop Mills is for $102.99. Between January 14 and April 23, 1892, supplies were furnished by these mills to the Richmond & Danville Railroad, and used by it in its operation, amounting to $4,975.84. Two acceptances were given by the railroad company,—one April 25, 1892, for $2,109.03, at 4 months; the other, at 60 days, dated June 15, 1892, for $2,969.50,—making a total of $5,078.50, which included $102.99 interest. The principal sum has been paid in full by the receivers, and the balance due is for interest on this running account between the dates January 14th and the giving of these acceptances, and is not for any interest during the time of the receivership.

The special masters reported that the claim is entitled to be paid prior to the mortgage debt, under the Virginia statutes (Acts 1891–92, p. 362, c. 224). They were also of opinion that there had been no diversion of funds which would justify a preference of this account over the mortgage debt. Both parties excepted. The circuit court sustained all the exceptions, except that made to the finding of the special masters with regard to the diversion. The court overruled the special masters on this, and gave the Dunlop Mills a decree for $102.99. The case comes here assigning this as error. It will be observed that the account originally amounted to $4,975.84 for supplies furnished between January 14 and April 23, 1892. For this claim two acceptances were given,—one on April 25, 1892, for $2,109.03; and the other on June 15, 1892, for $2,969.50,—making a total of $5,078.50. These have been paid by the receivers under the order of court directing them to pay supply accounts incurred within six months prior to their appointment. The present claim is for interest on the running account between January 14th and the dates when these acceptances were given; in other words, the principal of the claim has been paid in full, and this is a claim for interest. In the case of Stewart v. Barnes, 153 U. S. 457, 14 Sup. Ct. 849, the supreme court of the United States determined that if the principal sum of a debt has been paid, so that as to it an action cannot be maintained, the opportunity to acquire the right to interest by way of damages is lost. In that case the court quotes with approval Moore v. Fuller, 2 Jones (N. C.) 205: "The general principle is that, when the principal subject of the claim is extinguished by the act of the plaintiff or of the parties, all its incidents go with it." The court also quotes with approval Tillotson v. Preston, 3 Johns. 229, which case says that, if the plaintiff has accepted the principal, he cannot afterwards bring an action for the interest. Under these authorities, we think the circuit court erred in its decree allowing this claim for interest, and the said decree is reversed.