## WILLIAM ARNOLD, Appellant, v. THE SEDALIA NATIONAL BANK, Respondent.

### Kansas City Court of Appeals, May 25, 1903.

1. **Bailment:** MONEY: CONVERSION: DAMAGES: INTEREST. The bailee who refuses, on demand of the bailor, to deliver the money bailed is guilty of conversion, and interest thereon for the time withheld is the measure of the damages.

2. **Interpleader:** RIVAL CLAIMANTS: HOLDER'S DUTY. A bill of interpleader lies only when the party holding the property asserts no interest therein and is threatened with suits by different persons claiming the same property, and it is his duty when the conflicting claims arise to take some appropriate means to protect himself; and if he keeps the money or property he can not escape responsibility.

3. **Banks and Banking:** DEPOSITOR: DEBTOR AND CREDITOR: BAILMENT. The relation between a depositor and the bank is that of debtor and creditor and not of bailor and bailee.

4. **Interest:** DEBT: PAYMENT: CONTRACT. Where there is no contract to pay interest it is strictly incidental to the debt and can not exist after the latter is discharged.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan,* Judge.

AFFIRMED.

*Bruce Barnett* for appellant.

(1) Withholding appellant's money when same had been demanded, amounted to a conversion, and the

interest thereon for the time it was withheld is the measure of damages. Allgear. v. Walsh, 24 Mo. App. 134. (2) Respondent, having accepted the $117 from appellant as a voluntary bailee, was bound by the terms of such acceptance, and was estopped to question appellant's right to the money upon demand. The rule that the bailee can not dispute that his bailor had the right to the property at the time of the bailment, extends to the case of a stakeholder of money. Swallow v. Duncan & Gregory, 18 Mo. App. 622. And this estoppel is by contract and is legal, not equitable, and can therefore be urged in a case originating before a justice of the peace. Bricker v. Stroud, 56 Mo. App. 183. (3) But even if respondent was not estopped to question appellant's right to the money, it became liable by holding the money itself. Its only protection from damages for not paying it to the rightful claimant would have been by depositing the money in court and obtaining an order upon both claimants to litigate for it, either in the equity suit brought by Gard against Arnold and the bank, or by bill of interpleader in a separate equity proceeding. And the stakeholder, and not the one claiming the fund, must be the moving party in such a proceeding. 2 Story Equity Jur., secs. 806, 807, 826; Hathaway v. Foy, 40 Mo. 540; Freeland v. Wilson, 18 Mo. 380; Bldg. Ass'n v. Joy, 56 Mo. App. 433.

*Sangree & Lamm* for respondent.

(1) The interest sued for is sought to be recovered as "damages," and it is not pretended that there was any contract to pay interest. In such case, the rule is that interest "is strictly incidental to the debt. It can not exist after the debt ceases by payment or otherwise." Stone v. Bennett, 8 Mo. 41; 1 Sutherland on Damages (1 Ed.), 677; 1 Sedgwick on Damages (8 Ed.), sec. 338; Bible Society v. Wells, 68 Me. 572; Graves v. Saline County, 104 Fed. Rep. 61; Hamilton v. Van Rensselaer,

43 N. Y. 244; Cutter v. Mayor, 92 N. Y. 166. (2) The true rule is that where payment of a debt has been prevented by the institution of legal proceedings, or their delay after commencement, or because the fund is constructively or actually under the control of a court of competent jurisdiction, the payment of interest is not exacted, where the fund is held in good faith by a trustee, stakeholder, garnishee, etc., who does not deny the indebtedness and is ready to pay in obedience to the order of the court. To this effect are Haswell v. Bank, 26 Vt. 100; Kelsey v. Murphy, 30 Pa. St. 340; Norris v. Hall, 18 Me. 332; Bennell v. Kimball, 87 Mass. 356; Cohen v. Ins. Co., 11 Mo. 374.

BROADDUS, J.—This case originated before a justice of the peace, and on appeal to the circuit court, a trial by jury being waived, the court found for the defendant, and plaintiff appealed.

The facts are as follows: On April 14, 1897, plaintiff deposited with defendant, a national bank, one hundred and seventeen dollars in the usual manner. Five days later plaintiff presented his check for the same amount and demanded payment, which defendant refused. The ground upon which defendant withheld the fund from appellant was, that a suit in equity had been instituted in the Pettis Circuit Court by one Barbara Ann Gard, against plaintiff and defendant, in which suit it was alleged that the said $117 was money borrowed by plaintiff Arnold and secured by deed of trust on certain real estate, and that Arnold had by fraud, duress and undue influence obtained a deed from said Barbara Ann Gard to said real estate; and upon these allegations it was sought to set aside said deed and reinvest said Barbara Ann Gard with title to said real estate, and further prayed that defendant bank be ordered to bring into court all money in its hands received by Arnold as the proceeds of said loan. There was no order made during the pendency of said suit upon defend-

ant to bring said money into court. In October, 1897, said suit was tried and the issues were found for plaintiff herein, Arnold. On appeal to the Supreme Court said judgment in said cause was affirmed. On July 12, 1900, said check, which had been transferred by plaintiff to H. T. Williams, plaintiff's then attorney, was presented to the defendant bank and paid.

This suit is for the sum of $22.70, the amount of six per cent interest on said deposit of $117 from date of such deposit. It was shown that at the time said Williams presented said check last mentioned he made no demand for interest, but that in a short time thereafter he returned to defendant bank and made demand of it for damages for withholding the money.

The question presented by the case is, whether the act of defendant in refusing to pay the money on deposit at plaintiff's order, under the circumstances, amounted to a conversion? And, if so, did the subsequent act of the plaintiff through his attorney, Williams, in receiving the amount of the original deposit without demanding interest, operate to extinguish, not only the original indebtedness, but interest also? The plaintiff has cited authority to show that a bailee who refuses to deliver the money bailed on demand of the bailor is guilty of conversion, and the interest thereon for the time it is withheld is the measure of damages. Allgear v. Walsh, 24 Mo. App. 134; Swallow v. Duncan, 18 Mo. App. 622. Such is admitted by the respondent to be the law but it denies that it has any application to this case.

And appellant further insists that if respondent was not estopped to question appellant's right to the money, it became liable by holding the money itself. Its only protection from damages would have been by depositing the money in court and obtaining an order upon both claimants to litigate for it. In Hathaway v. Foy, 40 Mo. 540, it was held: ''One of two parties claiming property in the hands of a third party can not bring a suit of equity against the other claimant and the holder

to have the rights of the parties determined as upon a bill of interpleader. A bill of interpleader lies only when the party holding the property asserts no interest therein, and is threatened with suits by different persons claiming the same property." See also Arn v. Arn, 81 Mo. App. 133. It was the duty of defendant when it ascertained that there were rival claimants for the funds, and after it had been in fact sued for the amount, to have taken some appropriate means to protect itself. It could have deposited the money in court and asked the court to say to which one it belonged. But this it did not do, but kept the money presumably for its own use; and it should not be allowed to escape a responsibility which it assumed by holding the fund.

We have considered this case upon the theory of the plaintiff that the transaction was a bailment. In our opinion, when plaintiff deposited the $117 with the defendant bank, the transaction became one of debtor and creditor and not a bailment. State v. Reid, 125 Mo. 43; McKeen v. Bank, 74 Mo. App. 281.

But in any view of the case, the judgment will have to be affirmed under the rule of law that where there is no contract to pay interest, interest is strictly incidental to the debt and can not exist after the debt is discharged. Stone v. Bennett, 8 Mo. 42; Graves v. Saline County, 104 Fed. Rep. 61; Sedgwick on Dam., sec. 338; 1 Sutherland on Dam., 677.

Affirmed. All concur.