[No. 6155.]

## THE BASSICK GOLD MINE COMPANY v. BEARDSLEY.

1. **Interest** — Under the statute (Mills' Stats., § 2252; Rev. Stats., § 3162), a party furnishing supplies to a corporation pursuant to a written contract providing that the amount furnished in each calendar month shall be paid for on a day certain in the succeeding month, is to be allowed interest on each monthly amount from the day it matures until payment made.—(276)

2. ——**Payment and Acceptance of Principal—Effect—Pay**ment and acceptance of the principal of a debt extinguishes the interest thereon, in the absence of a special agreement to pay it. —(276, 277)

The evidence examined and held insufficient to show such agreement.—(277-279)

3. **Receipt in Full—Effect**—A receipt "in payment of above account" is a complete settlement, barring fraud or mistake, and precludes a subsequent claim of interest on the ground that the amount was not paid promptly at its maturity.—(279, 280)

*Appeal from Custer District Court* — Hon. MORTON S. BAILEY, Judge.

Messrs. CRANSTON, PITKIN & MOORE for appellant.

Mr. JOHN R. SMITH and Mr. KARL E. STEINHAUER for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

The right to collect interest, under certain conditions, is the question involved. The action is upon a book-account provided for by written contract, by which it was agreed that the appellee should furnish certain supplies and perform certain services to and for the appellant at certain fixed prices and under certain conditions. In consideration therefor the appellant agreed and bound itself to pay, on or before the 15th day of each and every calendar month, the amount due and owing to the appellee

for such supplies furnished and services rendered during the preceding month. Under this contract a large amount of coal was furnished and freight hauled during a period of about four years. Statements were regularly rendered upon the first of each month, and with the exceptions of the last three or four they were paid, but at periods considerably after the 15th of the month. This action was brought to recover the amount left unpaid in the aggregate of $1,442.53 with interest, and also to recover interest upon the amounts included in all statements theretofore rendered, from the 15th of each month, when they were due, until the date of payment. Judgment was for the amount claimed.

The appellant's first contention is, that the transaction constitutes but one book-account; that the suit was brought upon it as such, hence no interest could be charged until the date of the last item. We cannot accept this conclusion. The written contract provides that the bills for each month shall be paid upon the 15th of the following month; in default thereof, under our statutes, the appellee was entitled to interest on the amount then due.—*The Florence O. & R. Co. v. McRae,* 40 Colo. 303.

The second assignment pertains to the interest allowed upon the monthly payments from the dates they were due until paid. These payments had all been made long prior to the bringing of this action— some of them nearly four years prior thereto. As we understand, the law governing such cases, and which the appellant seeks to invoke, is that where interest is due because the debtor has expressly agreed to pay it, the interest is considered as an integral part of the debt, and the right to recover it may remain even after the principal has been paid. But where interest is claimed as damages by virtue of the nonpayment of a debt when due, and

for that reason is allowed by law, it is then considered not an integral part of the debt, but merely as an incident to the debt, and in such cases when the principal is paid and accepted without interest, the right to interest is extinguished. — *Stewart v. Barnes,* 153 U. S. 456; *Southern Ry. Co. v. Dunlop Mills,* 76 Fed. 505; *Chandler v. People's Savings Bank,* 61 Cal. 401; *Canfield v. School District,* 19 Conn. 529; *Davis v. Harrington,* 160 Mass. 278; *Am. Bible Society v. Wells, Ex.,* 68 Me. 572; *Arnold v. Sedalia Nat'l Bank,* 100 Mo. App. 474; *King v. Phillips,* 95 N. C. 245.

Some cases hold that a protest for the non-payment of the interest does not change this rule. —*Cutter et al. v. The Mayor, etc.,* 92 N. Y. 166; *Graves v. Saline Co.,* 104 Fed. 61; 22 Cyc. 1573; 16 Am. & Eng. Enc. of Law (2nd ed.), page 1030-33.

Counsel for the appellee contend that this interest can be recovered provided there was, either before or after the supplies were furnished, an express agreement to pay it. We agree with this, but do not think the record shows the existence of such an agreement. The only testimony concerning interest was given by the appellee, who admits that there was nothing said upon the subject at the time of the execution of the contract; and that the question was not mentioned for over two years thereafter, at which time the greater portion of the interest claimed had accrued, if at all. He also stated that he never made a claim for interest on the bills rendered, and that he never did present a bill to the company which contained an item of interest; that no items of interest were charged against the defendant upon his books of account. He stated the reason he did not carry this item of interest on the next bill rendered, etc., was, "Well, I had not been in the habit of doing that, and it was a matter of whether—

I expected to collect the interest all in a bunch when I got through with them, *if I could collect the interest."* Another reason he gave for his delay in the presentations of bills for interest was that he was not so anxious to have the interest paid as to have the other items paid, as the others were larger.

The evidence shows that these statements were paid by voucher checks of the company upon which was a copy of the original statement as rendered by the appellee; at the bottom of this voucher was a receipt which the appellee signed; they read:

"Received (with date inserted) from the Bassick Gold Mine Co. (amount inserted) dollars, in full payment of above account."

'Tis true, the appellee testified that the matter of interest was left open and he expected to collect it all at once, *if he could collect it at all;* he also stated that he spoke to the superintendent several times concerning the question of interest, and when this action was brought to recover the balance of the principal due upon this book-account, he included the interest upon each of the items covered in the statements theretofore rendered, which items had been paid. He further said that during this time the question of their liability for interest was kept open between him and the defendant company. He says:

"I asserted the right to get this interest two or three times to Mr. Radel. I made that claim a couple of years ago, probably earlier, in this course of dealings. I cannot say that he understood that I was claiming this right to collect interest on these past due statements. I say I do not know whether he agreed to it or not. I told him that the interest up to such a date was so much money. He could not have misunderstood that the question of interest and my right to recover it was left open."

Referring to his receipts, he said:

"When I signed these voucher checks, the question of this unpaid interest on these balances was an open matter between myself and the defendant. I think it was so to their knowledge so far as I understood it."

We do not think his testimony sufficient to overcome the rule laid down in the foregoing authorities and his receipts wherein he has said that it was "in full payment of above account."

A somewhat similar state of facts are those in the case of *Ryan Drug Company v. Hvambsahl,* 92 Wis. 62, where goods were sold on sixty days' time and statements rendered from time to time, in which no interest was included. These statements were kept by the vendee and drafts were drawn upon him at intervals and paid. No other demand or payment was ever made. Later a certain amount was due for which an action was brought; a verdict was directed to include interest on the monthly balances throughout the whole period of account. This ruling was held erroneous and the rule above quoted approved, and it was held that no interest should have been allowed except upon the items of account included in the action, which were then unpaid.

It is true, the appellee claims that there were no settlements of this interest account, and the evidence shows that some two years after the account was started and after a large portion of it had been made and paid, he made lead-pencil memorandums concerning interest upon the margin of his books; we cannot agree that this, or his statements, disprove a settlement of these monthly accounts at the time of their payment. When one party presents to another a bill for a book-account of a certain amount and the other thereafter returns the bill with his check in payment, which is accepted and the bill

returned with the endorsement thereon that he receives the amount as payment in full of above account, we think this establishes a complete settlement of the account, barring fraud and mistakes. The fact that the appellee admits he never mentioned the question of interest to the officer of the appellant until two years after these accounts had been running and at least over half of them had been paid, which he now seeks to collect interest upon, to our minds, is conclusive that so far as the greater portion of this interest is concerned it was an afterthought and was not intended to be charged or collected at the time the bills were paid.

In the case of *Chandler v. People's Savings Bank,* 61 Cal., page 403, that court said:

"When parties themselves settle their accounts without charging each other with interest, it is not in accordance with law or equity to go behind such settlements for the purpose of allowing interest in favor of one party against the other. Such settlements are considered conclusive, unless impeachable for mistake or fraud. * * * Transactions anterior to them, and included in them, are not interest-bearing."

Referring to the cases above cited, which hold that even where the amount is accepted under protest it is not sufficient to reserve the question; also to the following.—*Chase v. Manhardt,* 1 Bland's Chancery Rep. 333; *Burr v. Burch, Ex.,* 5 Cranch's C. C. 506; *Snowden et al. v. Thomas et ux.,* 8 Md. App. 271; *Nat'l Bank of Commonwealth v. Mechanics Nat'l Bank,* 94 U. S. 437—which hold that where it is clearly established that the question is expressly reserved for future disposition it can be thereafter litigated or adjusted. It is unnecessary here for this court to approve or disapprove either ruling, and we express no opinion pertaining thereto, as it is

only necessary to hold that in this action interest cannot be collected upon these paid items unless there was an express contract to that effect, and from our examination of the record we find no agreement of this kind, nor one which comes within the rule of the authorities last referred to, that the question was expressly reserved for future disposition. The evidence is insufficient to support the contention that there was an agreement upon the question at all.

It follows that the findings and judgment of the court as to the items of the unpaid principal in the sum of $1,442.53 and the interest thereon are right; the remainder of the findings and judgment, which was for interest upon that portion of the account which had been paid, is erroneous. The judgment should be modified; the cause will be remanded with directions to modify the judgment in accordance with the views herein expressed, and as so modified it will stand affirmed. The appellant is entitled to recover its costs for this appeal.

*Modified and affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.