Nathan R. Feldman et al., Defendants in Error, v. City of Chicago, Plaintiff in Error.

Gen. No. 37,325.

Opinion filed July 9, 1934. Rehearing denied July 20, 1934.

WILLIAM H. SEXTON, Corporation Counsel, and ARTHUR A. SULLIVAN, Attorney for the Board of Local Improvements, for plaintiff in error; JOSEPH F. GROSSMAN, Assistant Corporation Counsel, and TOLMAN, CHANDLER & DICKINSON, of counsel.

WILLIAM FELDMAN, for defendants in error; HOWARD F. BISHOP, WILLIAM H. DILLON, EUGENE H. DUPEE, GEORGE A. MASON, ANGUS R. SHANNON and AARON SOBLE, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

October 21, 1930, plaintiffs brought an action against the defendant, City of Chicago, to recover $2,762.

There was a trial before the court without a jury, a finding and judgment in favor of plaintiffs for the amount of their claim, and the defendant prosecutes this writ of error.

The record discloses that in a condemnation proceeding brought by the City of Chicago for the purpose of widening Clinton street a judgment was entered February 23, 1925, awarding plaintiffs $39,000 as compensation for their property taken and $6,000 was assessed against them as benefits, leaving a net amount due them of $33,000. The $33,000 was not paid to plaintiffs until July 22, 1926, and plaintiffs' claim is that they were entitled to interest at five per cent per annum on the amount of the judgment from February 23, 1925, until July 22, 1926, when they were paid the $33,000.

Plaintiffs' position is that they were entitled to interest on the judgment by virtue of section 3 of our Interest Act (ch. 74, Cahill's 1933 Statutes). Reliance is chiefly placed on the cases of *University of Chicago v. City of Chicago,* 258 Ill. App. 189, and *Turk v. City of Chicago,* 352 Ill. 171.

On the other side the defendant contends that interest does not run on condemnation judgments under the Local Improvement Act, and that although the two cases just cited hold to the contrary, the question ought to be reconsidered because the decisions are wrong; that they ''rest upon a misapprehension of the history and intent of the Local Improvement and Interest Acts''; that the rule of *stare decisis* is not so inflexible that it should not be changed where it has been established by a single decision of the Supreme Court of this State by a divided court; and numerous authorities are cited and discussed that sustain the defendant's contention as to this rule. However, we are clearly of the opinion that we are wholly unwarranted in saying at any time that our Supreme Court is wrong.

We have no such authority. The Supreme Court is always right so far as this court is concerned.

We have but the common law record before us, and plaintiffs allege in their statement of claim that when they were paid the $33,000 by defendant they gave a deed to defendant, and accepted the money "under protest" and at the same time demanded payment of the interest which is the basis of this suit. In view of this allegation, defendant contends that "The acceptance by the plaintiffs of the principal of the judgment and the conveyance to defendant of the property condemned constituted an accord and satisfaction which barred any further claim on account of the judgment." Whether the acceptance of the $33,000, under the circumstances, constituted a technical accord and satisfaction, we think it unnecessary to decide because we are of the opinion that interest is awarded on a judgment rendered in a condemnation proceeding as damages for delay in payment of the award; that it is merely an incident to the debt; that where the principal is paid without interest the right to interest is gone. 22 Cyc. pp. 1516–17; *County of Madison v. Bartlett*, 1 Scam. 67; *Davis v. Harrington*, 160 Mass. 278; *Bassick Gold Mine Co. v. Beardsley*, 49 Colo. 275; *Stewart v. Barnes*, 153 U. S. 456; *Graves v. Saline County, Ill.*, 104 Fed. 61; *Southern Cent. Ry. Co. v. Town of Moravia*, 61 Barb. (N. Y.) 180; *Jamison v. Burlington & W. Ry. Co.*, 87 Iowa 265; *Cutter v. Mayor of New York*, 92 N. Y. 166.

In 22 Cyc. pp. 1516–17, it is said that under the common law a judgment did not bear interest but "in actions of debt upon judgments, interest is generally allowed as damages, as in other cases of detention of money; and at the present time interest on judgments as a matter of right is almost universally allowed under statutory provisions."

In the *Bartlett* case, *supra* (1 Scam. 67), it was said that of course where there is an express contract to

pay interest, the sum due therefor is an integral part of the debt, but where interest is allowed by statute, on judgments such as allowed under section 3 of our Interest Act, it is in the nature of damages or a penalty for not paying the judgment when entered. The court there stated (pp. 69–71): ''Hence statute interest may properly be defined to be the legal damages or penalty for the unjust detention of money. . . . Interest is not given by the common law, for a failure to pay money when it is due, unless the parties have so agreed, and is only allowed by statute when the party neglects to pay at the time stipulated, and is then given in the nature of a penalty for the violation of a contract. (3 Atkins 636.)''

In the *Davis* case, *supra* (160 Mass. 278), it was held that a lessor who had been paid the full amount of his rent could not have judgment for interest by way of damages for failure to pay the rent when it became due; that it was immaterial that the payment was made after the suit was brought. The court there said (p. 279): ''We must therefore treat the case as one in which, after suit brought, the plaintiff accepted payment of his debt, not including a sum to which he was entitled as interest by way of damages for delay in payment. If there had been a contract to pay interest, the interest would have been a part of the debt, which would have stood no differently from the principal. *Sparhawk v. Wills,* 6 Gray, 163; *Andover Savings Bank v. Adams,* 1 Allen, 28. But interest which is allowed by way of damages and for the neglect to pay promptly is a mere incident of the debt, which fails when the debt itself is extinguished. It is well settled that in such a case, if the debt is paid, there can be no recovery afterwards for the interest which might have been collected.''

In the *Beardsley* case, *supra* (49 Colo. 275), the court said (p. 276): ''The second assignment pertains to the interest allowed upon the monthly payments from

the dates they were due until paid. These payments had all been made long prior to the bringing of this action, some of them nearly four years prior thereto. As we understand, the law governing such cases, and which the appellant seeks to invoke, is that where interest is due because the debtor has expressly agreed to pay it, the interest is considered as an integral part of the debt, and the right to recover it may remain even after the principal has been paid. But where interest is claimed as damages by virtue of the non-payment of a debt when due, and for that reason is allowed by law, it is then considered not an integral part of the debt, but merely as an incident to the debt, and in such cases when the principal is paid and accepted without interest, the right to interest is extinguished.''

In the *Stewart* case, *supra* (153 U. S. 456), it was held that where a person from whom a tax had been illegally extracted accepted from the government the payment of the sum illegally extracted, he thereby waives his right to sue for interest as damages. The court there said (p. 462): ''Interest in such cases is considered as damages, and does not form the basis of the action, but is an incident to the recovery of the principal debt. . . . When he who has this right commences an action for its enforcement, he at the same time acquires a subordinate right, incident to the relief he may obtain, to demand and receive interest. If, however, the principal sum has been paid, so that, as to it, an action brought cannot be maintained, the opportunity to acquire a right to damages is lost.''

And in the *Graves* case, *supra* (104 Fed. 61), the same rule was announced and it was further held that ''Protest at the time of the acceptance of the principal is of no consequence, and the rule that partial payment of a debt furnishes no consideration for the discharge of the whole is not applicable.''

In the *Southern Cent. Ry. Co.* case, *supra* (61 Barb., N. Y. 180), in passing on the question whether a defendant who subscribed to the capital stock of the railway company was liable for interest, in discussing the question now before us the court said (p. 188): "There is no agreement to pay interest, by the terms of the subscription, at any time. . . . And if any interest accrued, it was only upon the amount called for, and after default in making payment at the day specified therefor. In all such cases interest, when allowable, is allowed, not as part of the contract, but as an incident, and by way of damages for the default, to make the creditor good for the loss he has sustained by reason of the breach, or default. In that class of cases it has always been held, that after the principal of the debt had been paid, and received in full, no action could be maintained to recover interest. The reason is, that interest, in such cases being a mere incident, cannot exist without the debt, and the debt being extinguished the interest must necessarily be extinguished also. This rule has been too long and too well settled to be now overthrown, or disturbed. . . . A distinction has been made between such cases and those where interest was made payable by the terms of the contract. In the latter case the interest is as much a part of the contract as the principal. It is not a mere incident which may be awarded by way of damages, but a substantive part of the contract, which may be enforced after the debt has been otherwise paid."

And the same rule has been applied in condemnation cases. In the *Jamison* case, *supra* (87 Iowa 265), it was held that where the principal of an award for land condemnation was paid, the owner of the land waived his right to interest and could not afterward maintain an action for it.

To the same effect is the *Cutter* case, *supra* (92 N. Y. 166), where it was held that although a statute of New

York expressly provided that if an award in a con-
demnation was not paid within four months after con-
firmation, the land owner might sue for and recover
the award with interest, she could not recover and
maintain an action for interest where she had received
the principal. The court there said (p. 170) that in-
terest "is given as damages for nonpayment or deten-
tion of the money awarded, and does not constitute a
debt capable of a distinct claim. (*Dixon v. Parkes,*
1 Esp. 110; *Churcher v. Stinger,* 2 B. & Ad. 777.) It
could only be recovered with the principal by action.
Acceptance, therefore, of the sum awarded in full pay-
ment of the principal prevents an action for those
damages. If the plaintiff meant to have demanded the
interest, she ought not to have received the principal.
In the face of that fact, protest against the refusal
of the defendant to pay interest is of no importance."

Counsel for plaintiffs, in their brief, do not admit or
deny the existence of the above rule of law, but they
say that whether the rule is "sound or not as an ab-
stract proposition of law, the rule contended for has
no application to our Interest Act" because section 2
of the Interest Act provides that a creditor shall be
allowed to receive interest at five per cent per annum
on all moneys after they become due, etc., and that sec-
tion 3 provides that "Judgments recovered before any
court or magistrate shall draw interest at the rate of
five (5) per centum per annum from the date of the
entry of the same until satisfaction"; and that sec-
tion 3 further provides, "When judgment is entered
upon any award, report or verdict, interest shall be
computed at the rate aforesaid, from the time when
made or rendered, to the time of rendering judgment
upon the same, and made a part of the judgment."
And they argue that section 2 is applicable where the
obligation to pay interest is "imposed by law," while
section 3 "deals only with judgments on awards, re-

ports and verdicts." They then quote the second part of section 3, above quoted, and continue: "This provision is an example of an obligation to pay interest imposed by statute. It is in no sense a penalty." And "That provision destroys its character as a mere incident to the debt. The statute makes it a part of the debt." We think this argument is clearly unsound. The provision of section 3 quoted provides that when there is an award, report or verdict, interest shall be computed on such award, report or verdict from the time made to the time the judgment is entered, and included in "and made part of the judgment." But that is not the period for which plaintiffs claim interest in the instant case. They are claiming interest on the amount of the judgment after it was entered and not after the award was made and up to the time the judgment was entered. In the instant case the judgment was entered February 23, 1925, and interest is claimed on a judgment from that time until the principal of the judgment was paid, July 22, 1926. It is obvious that the provision of section 3 has no application to the matter before us.

Plaintiffs having accepted payment of the judgment in full, the fact that they did so under protest avails them nothing, the interest being a mere incident to the judgment; and the judgment having been paid, the instant case cannot be maintained for the interest.

The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*

McSURELY and MATCHETT, JJ., concur.