Mary Graziani and Enrico Gattone, Appellees, v. City of Chicago, Appellant.

Gen. No. 40,843.

500

Heard in the third division of this court for the first district at the October term, 1939. Opinion filed February 14, 1940. Rehearing denied March 12, 1940.

BARNET HODES, Corporation Counsel, for appellant; JOSEPH F. GROSSMAN, First Assistant Corporation Counsel, and J. HERZL SEGAL, Assistant Corporation Counsel, of counsel.

IRVING BREAKSTONE, of Chicago, for appellees; HOWARD F. BISHOP, GEORGE A. MASON, DANIEL S. WENTWORTH, AARON SOBLE and ROBERT F. DEWEY, all of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

From the brief and argument for appellant as to the statement of the case, which appellee says is correct and adequate, we gather the following:

An action at law was filed in the superior court of Cook county on October 9, 1936, by Mary Graziani and Enrico Gattone against the City of Chicago, seeking to recover interest upon a judgment in the sum of $17,500 entered July 13, 1928, in proceedings under the Local Improvements Act, the principal of which judgment had been paid in full.

The cause was heard by the court without a jury and upon a motion for a summary judgment and affi-

davits in support thereof and in opposition thereto. The trial court sustained the motion and entered summary judgment in favor of the plaintiffs.

We think the court did right in entering the judgment and we also think that enough has been written in connection with the question as to whether or not interest is allowable on judgments in condemnation proceedings. We are of the further opinion that no advantage will accrue to anyone from a more or less learned pursuit of this subject and discussion regarding the same.

We think the Supreme Court settled the questions presented here in the case of *Northwestern Yeast Co. v. City of Chicago,* which was before the Appellate Court and is reported in 301 Ill. App. 303, when the said Supreme Court denied a petition for leave to appeal, making the decision of the Appellate Court final.

In the opinion of the Appellate Court, at p. 308, this court said:

" 'The right to interest under the statute on a condemnation judgment is well settled. . . . The claim is for interest which is solely of statutory origin.' " Citing *Blaine v. City of Chicago,* 366 Ill. 341; *Feldman v. City of Chicago,* 276 Ill. App. 142; *Turk v. City of Chicago,* 352 Ill. 171; *Girard Trust Co. v. United States,* 270 U. S. 163, 70 L. Ed. 524, 46 Sup. Ct. 229.

As to the motion of the plaintiffs for a summary judgment, this was justified as defendant by its affidavit of defense made no issue which was necessary to meet. As to the motion that was made to transfer this cause to the Supreme Court on the grounds that section 16 of the Local Improvements Act is unconstitutional and void, said motion is denied.

For the reasons herein given the judgment of the superior court is affirmed.

*Judgment affirmed.*

HEBEL and BURKE, JJ., concur.