## WALTER HAUXHURST *v.* SAMUEL H. HOVEY.

### *Assumpsit. Interest. Depositions. Agent.*

If the caption and certificate to a deposition are drawn together, by the commissioner taking the deposition, and he affixes his official signature to that statement, the deposition will be admissible, for the commissioner in such a case, as fully certifies to the truth of all the facts required, as if the caption and certificate were drawn separately and his signature affixed to each.

An agent, who receives money for his principal, in the transaction of the business of the principal, is not liable for interest on the money so received, before a demand is made for the money, unless the agent has received special instructions to remit the money as fast as collected, or is in default in neglecting to render his account.

The same rule applies to an attorney, who has collected money for his client.

ASSUMPSIT for money had and received.

Plea, non assumpsit, and trial by the court.

The plaintiff offered in evidence the deposition of one William F. Mott, Jr., to the admission of which the defendant objected, for alleged insufficiency of the caption and certificate. It appeared from the deposition, that the commissioner, taking the same, had written the caption and certificate together, and to that had affixed his seal and official signature, instead of writing them separately and signing each. The court overruled the objection, and allowed the deposition to be read in evidence.

It appeared, that the defendant as agent of the plaintiff, had received certain sums of money for the plaintiff on the sale of certain lands of the plaintiff; that a part or the whole of the money was so received on or before January, 1850; and that on the 19th day of August, 1852, the said Mott, as the agent or attorney of the plaintiff, came to Troy, Vt. and then had a settlement and found due the plaintiff the sum of $881,46, and on that occasion made out a statement, upon which the said balance appeared, and which the said Mott and defendant signed; and this bill or statement was annexed to the said deposition.

The county court rendered judgment for the plaintiff to recover $881,46, and interest thereon since January 1st. 1850.

To the decision of the court allowing interest as above stated and to the admission of the said deposition the defendant excepted.

*Cooper & Bartlett* for defendant.

1. The deposition of William F. Mott, Jr., was improperly admitted by the county court.

The design of the commissioner was to take the deposition according to the Vermont form, but it is not in accordance with our form. It is not taken according to the provisions of the laws of Vermont, or New York, and of course not admissible. Comp. Stat. 274 § 11.

This court have decided that the forms of the caption and certificate are part of the law and must be observed. *Whitney* v. *Sears*, 16 Vt. 587.

The form provides for two signatures, and it will not do to dispense with either. *Shed* v. *Leslie*, 22 Vt. 498.

2. There is no evidence tending to prove, that plaintiff is entitled to interest at all, but the contrary appears, because the funds were received by the defendant as the agent of the plaintiff, and unless he used the funds, or agreed to pay interest, he would not be liable.

The allowance of interest must be founded upon the agreement of the party express or implied. *Evarts* v. *Nason's Estate*, 11 Vt. 122.

*H. F. Prentiss* for plaintiff.

1. The deposition of Mott was properly admitted. Though it

Hauxhurst *v.* Hovey.

does not strictly comply with the form required by statute, it does in substance. This differs from the case of *Shed* v. *Leslie*, 22 Vt. 498. There the certificate of the oath was not signed by the justice.

If the caption is insufficient according to our form, the deposition having been taken in New York, and the witness living there, the presumption is, that it is taken in conformity to the laws of that state. Comp. Stat. 274 § 11.

2. The court were correct in allowing interest on the $881,46, from January 1, 1850.

The debt at that time was due, and was for money received by defendant, for plaintiff, and according to our law a party is entitled, after his debt is due, to interest. *Raymond* v. *Admr. of Isham*, 8 Vt. 258. *Porter et al.* v. *Munger*, 22 Vt. 191.

The opinion of the court was delivered by

ISHAM, J. The deposition of Mr. Mott was not inadmissible, for any objections taken to the signature of the commissioner. The certificate and caption of the deposition, are not in strict conformity to the form prescribed by statute, as that contemplates separate signatures by the commissioner ; one to the *jurat* or certificate, and the other to the caption. In this case, the certificate and the caption were drawn together, and form a connected statement of facts. When the commissioner, however, affixed his official signature to that statement, he as fully certified to the truth of all the facts required in the certificate and caption, as if they had been separately drawn, and his signature had been placed to each. In this respect, the case is unlike that of *Shed* v. *Leslie*, 22 Vt. 498. The deposition in that case was rejected, as the certificate and caption were separately drawn, and required distinct and separate signatures of the magistrate, in order that the facts stated in each, should be certified by him. When the magistrate certified the facts stated in the caption, leaving the blank unfilled for the certificate, there was wanting, on the face of the deposition, evidence that the oath was administered by the magistrate to the deponent. For that reason the deposition was rejected. In this case no such difficulty exists. The fact that the proper oath was administered to the witness, and that those facts exist, which authorized the taking of the deposition, are as fully certified by the

Hauxhurst *v.* Hovey.

commissioner, and are made to appear with as much certainty, as if a separate and distinct caption and certificate had been drawn, and each had the signature of the commissioner. The objection, we think, was properly overruled.

We think, however, there was error in the allowance of interest on the plaintiff's account, previous to the 19th of August, 1852. Interest is allowed whenever a contract to that effect has been made by the parties either express or implied; or where it appears from the case, that the party is legally in default. In such case, compensation in damages, equal to the value of the money, which is the legal interest on the same, may be allowed. 1 Amer. Lead. Cas. 498, and cases referred to. *Evarts* v. *Nason's Estate*, 11 Vt. 122.

The money for which this suit is brought, was received by the defendant as agent for the plaintiff in the sale of certain lands. An agent, receiving money under such circumstances, is not liable for interest before a demand is made, unless he has received special instructions to remit the same as fast as collected, or is in default in neglecting to render an account. 1 Amer. Lead. Cas. 513. The same rule applies to an attorney, who has collected money for his client. There is nothing stated in the case, that places the defendant in default, in not paying over this money, until after the adjustment of the balance due, on the 19th of August, 1852. No demand appears to have been previously made for the money, or instructions given to remit the same; nor was there any refusal to render an account when requested. Under such circumstances interest ought not to have been allowed against him.

When that adjustment was made on the 19th of August, 1852, and a balance of $881,46, was found due to the plaintiff, the defendant knew precisely what sum he was to pay, and that amount was due immediately. From that time he is properly chargeable with interest, so long as the principal remains unpaid. The result is, that the judgment of the county court must be reversed, and judgment rendered for the plaintiff, for the sum of $881,46, and interest thereon from the 19th of August, 1852.