CHARLES G. DAVIS *vs.* Z. TAYLOR HARRINGTON.

Plymouth.    October 17, 1893. — January 2, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Acceptance of Payment of Debt after Suit brought — Appropriation —
Interest — Costs.*

A lessor, having received payment in full of his debt for rent, cannot have a judgment for interest by way of damages for failure to pay when the rent became due, and it is immaterial that the payment was after suit brought.

Where the rights of parties depend, not on a tender, but on the acceptance of a payment which discharged the cause of action, the plaintiff cannot recover costs, even though the payment is made after suit brought.

CONTRACT, on a guaranty of the payment of rents under a lease for one year from October 20, 1891, at the rate of four hundred dollars per annum. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, which appear in the opinion.

*C. G. Davis, pro se.*

*C. F. Eldredge,* for the defendant.

KNOWLTON, J. This case is submitted on an agreed statement of facts, accompanied by certain letters which are referred to as evidence. If we deal with the agreed statement of facts alone, it appears that " on May 26, 1892, the defendant paid to the plaintiff for the rent up to April 20, 1892, viz. $200, as per letter hereto annexed, and the plaintiff received the same on May 27, 1892." The letter referred to, which is thus made a part of the statement, plainly shows that the defendant appropriated this payment, as is stated in the above quotation, to the rent, and thereby paid the whole of it, although he might have been held liable for interest upon it by way of damages for his failure to pay when it was due. There is nothing in the agreed statement which tends to show that the plaintiff received or accepted it in any other way than as payment of the principal of the debt due. The letters, except the one above mentioned, are submitted merely " as evidence, so far as material." If it was intended that inferences of fact should be drawn from them,

we cannot revise the finding of the Superior Court upon the whole case except upon the ground that there was nothing in the agreed statement or evidence which would warrant it. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536, 538. *Rand* v. *Hanson*, 154 Mass. 87.

The judge must have found that the money paid was appropriated by the defendant when he sent it by letter, and was received by the plaintiff as a payment of the debt, although it did not cover the interest or costs. We are of opinion that his finding was well warranted by the agreed statement and the evidence. The agreement submitted by the parties, if the letters were not referred to as evidence, would exclude the possibility of any other conclusion. We find nothing in the letters which requires a different finding. The defendant's first letter tends to confirm his theory of the case. The plaintiff's receipt might leave the matter doubtful, but even that implies that the $200 was accepted as full payment of the principal sum due for rent, for it closes with the words, " not including interest due, nor other demands." Moreover, if the plaintiff had wished to appropriate the money otherwise than to the principal of the rent, it is at least doubtful whether he could have done so in view of the letter which accompanied the payment.

We must therefore treat the case as one in which, after suit brought, the plaintiff accepted payment of his debt, not including a sum to which he was entitled as interest by way of damages for delay in payment. If there had been a contract to pay interest, the interest would have been a part of the debt which would have stood no differently from the principal. *Sparhawk* v. *Wills*, 6 Gray, 163. *Andover Savings Bank* v. *Adams*, 1 Allen, 28. But interest which is allowed by way of damages and for the neglect to pay promptly is a mere incident of the debt, which falls when the debt itself is extinguished. It is well settled that in such a case, if the debt is paid, there can be no recovery afterward for the interest which might have been collected. *Bond* v. *Cutler*, 10 Mass. 419. *Gage* v. *Gannett*, 11 Mass. 217. *Ordway* v. *Colcord*, 14 Allen, 59. *Robbins Cordage Co.* v. *Brewer*, 48 Maine, 481. *American Bible Society* v. *Wells*, 68 Maine, 572. *Hamilton* v. *Van Rensselaer*, 43 N. Y. 244, 246. *King* v. *Phillips*, 95 N. C. 245.

The payment of the principal sum due, having been accepted by the plaintiff, had the same effect as if it had included the interest, and the judgment must be for the defendant. It makes no difference that the payment was after suit brought. *Warner* v. *Bacon*, 8 Gray, 397, 405.

The costs must follow the finding, as in ordinary cases. The case is not within the statutes in regard to tender, for the rights of the parties depend, not on a tender, but on the acceptance of a payment which discharged the cause of action. In such a case the plaintiff cannot recover costs, even though the payment is made after suit brought. He could have preserved his right to interest by way of damages, and also to costs, by declining to accept the payment. Had he done so, if the defendant had pleaded the tender he would have failed, because the amount tendered was insufficient, but it having been accepted as a satisfaction of the cause of action, the foundation of the suit was removed, and in the opinion of a majority of the court the judgment for the defendant was rightly ordered.

*Judgment affirmed.*