GRAND TRUNK RY. CO. v. CENTRAL VERMONT R. CO.

(Circuit Court, D. Vermont.  December 3, 1898.)

INTERVENTION—WHEN ALLOWED.

Where a common creditor had joined in an action against an insolvent, leave to intervene in foreclosure pending against the insolvent to defend against the mortgage will not be granted where the application is not founded on any statement of defense to the mortgages not set up by the mortgagor, or on any evidence in support of a defense set up by the mortgagor that could be introduced if the motion was granted.

In Equity.

John C. Coombs and W. H. Leonard, for the motion.

Elmer P. Howe, Henry Crawford, Michael H. Cardozo, Charles M. Wilds, and Benj. F. Fifield, opposed.

(Circuit Court, D. Vermont.  January 27, 1899.)

INTEREST—CLAIMS IN RECEIVER'S HANDS.

Where property of an insolvent passes into the hands of a receiver, and, by order of court, payment of claims is stayed, interest is not allowed on such claims pending the stay.

In Equity.

Henry G. Newton, for the motion.

Chas. M. Wilds and Wm. A. Sargent, opposed.

WHEELER, District Judge.  When the receivers were appointed, March 20, 1896, they were directed to pay claims for materials and supplies that had accrued within six months before.  On May 29th, after, further payment was stayed for classification of the claims. No one moved for any modification of the stay till January 8, 1898. Since then the stay has been modified from time to time, according

to the situation of the claims and earnings as shown by the reports of the receivers, so as to allow the payment of 25 per cent. of the face of the claims twice and 50 per cent. once. The claimants now move for a further modification of the stay, or an order for the payment of interest on the claims. This is resisted by the bondholders, because, the principal having been recovered, there is nothing remaining for the interest to follow as a foundation for its recovery (Davis v. Harrington, 160 Mass. 278, 35 N. E. 771); and because the requirement of payment would, as to bondholders, be inequitable. The stay was an order of court, and while operative neither the receivers nor any one could pay the claims; and while it was so in operation there could be no default of payment to furnish any foundation for interest in the nature of damages for the detention of the money. Hauxhurst v. Hovey, 26 Vt. 547. In Thomas v. Car Co., 149 U. S. 95, 13 Sup. Ct. 824, this subject was considered, and a decree for the payment of interest on such a claim in priority to mortgage liens was reversed. In delivering the opinion of the court, Mr. Justice Shiras said:

"As a general rule, after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds. The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate. Williams v. Bank, 4 Metc. (Mass.) 317, 323; Thomas v. Minot, 10 Gray, 263. We see no reason in departing from this rule in a case like the present, where such a claim would be paid out of moneys that fall far short of paying the mortgage debt."

This is such a case as that, and, according to those principles, interest on these claims cannot now be properly decreed. Motion denied.