(117 App. Div. 768)

### GROTE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.　March 1, 1907.)

INTEREST—NATURE OF RIGHT—ACTIONS—ACCEPTANCE OF PRINCIPAL.

Laws 1884, p. 631, c. 522, § 4, relating to the acquisition of lands by the city of New York, provides that the mayor, aldermen, and commonalty shall, within four calendar months after the confirmation of a report containing the award of damages, pay to the parties entitled thereto the sum so reported in their favor, and in default thereof the person so entitled may recover the same, with lawful interest from and after demand, with the costs of suit.　*Held*, that such interest was allowed by way of damages for default in payment only, and hence, where payment of the award was accepted without the interest, "reserving all claims for interest," no action could subsequently be maintained for the interest.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interest, §§ 8, 143.]

Appeal from Special Term, Kings County.

Action by Augustus H. Grote against the city of New York.　From a judgment in favor of defendant, plaintiff appeals.　Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Raphael Link, for appellant.

James D. Bell (Jerome W. Coombs, on the brief), for respondent.

JENKS, J.　The action is to recover interest on an award for the taking of lands for public park purposes by the city of New York, under chapter 522, p. 625, of the Laws of 1884.　The awards were confirmed on December 22, 1888, whereupon title was vested in the defendant.　On March 2, 1891, demand was made upon the comptroller for payment.　The award had been made to the "Estate of F. Grote."　In June, 1897, the plaintiff began a proceeding in the Appellate Division to have it determined that he was entitled to the award.　The report of the referee in such proceedings that Mayhoff, as assignee of the plaintiff, is entitled to the award, was confirmed in January, 1903.　Accordingly the award was paid to Mayhoff on February 10, 1903, without interest.　In March, 1903, Mayhoff reassigned to plaintiff all his remaining right, title, and interest in and to the award and to all claims for interest thereon, and in January, 1904, after refusal of payment of his claim, the plaintiff began this action.

Section 4 of the statute regulating the acquisition of the lands (chapter 522, p. 631, Laws 1884) provided that:

"The said mayor, aldermen and commonalty shall, within four calendar months after the confirmation of the said report, pay to the parties entitled thereto the respective sum or sums so estimated and reported in their favor respectively, and in default thereof said persons or parties, respectively, his, her, or their respective heirs, executors, administrators, successors or assigns, may sue for and recover the same with lawful interest from and after demand thereof, and the costs of suit."

Such interest is not a part of the award, but in the nature of damages for default in payment.　Cutter v. Mayor, etc., of N. Y., 92 N. Y. 166; Devlin v. Mayor, etc., of N. Y., 131 N. Y. 125, 30 N. E. 45; Matter of City of N. Y. (Montgomery St.) 91 App. Div. 532–534, 86 N. Y. Supp. 1035.　In the case last cited, writing for this court, I said:

102 N.Y.S.—62

978 102 NEW YORK SUPPLEMENT (Sup. Ct.

"In Donnelly v. City of Brooklyn, 121 N. Y. 9, 24 N. E. 17, the court say: 'As stated by the learned counsel for the plaintiff, * * * the provisions of the statutes (2 Rev. St. [1st Ed.] p. 364, pt. 3, c. 6, tit. 5, § 9; section 1211, Code Civ. Proc.) fixing the time for the running of interest upon judgments are simply declarations of the rule at common law that damages are recoverable as an indemnity for a nonpayment of liquidated pecuniary demands at maturity, when they should have been paid. It was held in Sanders v. L. S. & M. S. R. Co., 94 N. Y. 641, that interest was recoverable upon such judgments, "not by virtue of any contract to pay interest, but simply as damages because the defendant was in default in the discharge of its obligation to the plaintiff and wrongfully withheld money from him." The same rule in the same language was laid down in O'Brien v. Young, 95 N. Y. 428, 47 Am. Rep. 64.' And in United States v. Sherman, 98 U. S. 565, 25 L. Ed. 235, the court say: 'It accrues only after the recovery has been had. Moreover, whenever interest is allowed, either by statute or by common law, except in cases where there has been a contract to pay interest, it is allowed for delay or default of the debtor.' "

The acceptance of the award is a bar to an action for the damages. Cutter v. Mayor, etc., supra. In that case the court, per Danforth, J., say:

"By the terms of this section damages awarded are directed to be paid by the corporation within four months after confirmation of the report of the commissioners, 'and in case of neglect or default' in so doing leave is given to the party entitled thereto 'to sue for and recover the same with lawful interest from and after the said application therefor, and the costs of the suit.' No other provision is made for the accruing or running of interest, and it was in no sense incident to or part of the original award. It is given as damages for nonpayment or detention of the money awarded, and does not constitute a debt capable of a distinct claim. Dixon v. Parkes, 1 Esp. 110; Churcher v. Stinger, 2 B. & Ad. 777. It could only be recovered with the principal by action. Acceptance, therefore, of the sum awarded in full payment of the principal, prevents an action for those damages."

See Matter of Hodgman, 140 N. Y. 421–428, 35 N. E. 660; Southern Central R. R. Co. v. Town of Moravia, 61 Barb. 180.

The Special Term found:

"Eleventh. I do further find and decide that thereafter, on February 10, 1903, at the time of the payment and receipt of the said principal sum of $12,-430.75, it was understood and agreed between the defendant herein and the said Bernard Mayhoff, plaintiff's assignee, that all claims for interest upon the same should be reserved, to be determined in a subsequent action to be brought therefor, and that at the time of such payment, in pursuance of said agreement, the defendant inserted in the form of its receipt the following: 'Reserving any and all claims for interest on the above awards'—whereupon the said awards were paid to and received and accepted by the said Mayhoff."

The evidence is that upon payment of the award, when the clerk in the comptroller's office presented a receipt in full payment, plaintiff's attorney objected, and that Mr. Hoag, head of the department, was sent for, and he or the clerk telephoned to the corporation counsel's office, and they—i. e., Mr. Hoag or the clerk and the plaintiff—agreed to add to the receipt: "Reserving any and all claims for interest on the above awards." But in Cutter v. Mayor, etc., supra, it was held that there was no contract liability of the defendant when the settlement was made; i. e., when the award was paid, that there could not be debt for such interest until judgment, and that then it would become due because allowed as damages. See, too, Riley v. Maxwell, 4 Blatch. 237, Fed. Cas. No. 11,838. The point is that acceptance of the principal sum

"prevents an action for those damages." Cutter v. Mayor, etc., supra; Davis v. Harrington, 160 Mass. 278, 35 N. E. 771.

The court further say in Cutter's Case, supra:

"If the plaintiff meant to have demanded the interest, she ought not to have received the principal. In the face of that fact, protest against the refusal of the defendant to pay interest is of no importance."

And also:

"But having settled without action, and actually accepted the money in full payment of the principal, the interest cannot, by any disclaimer or protest on the part of the plaintiffs' testator, be made the subject of a distinct claim; nor could she, by any avowed reservation, create a right which had no existence."

In Middaugh v. Elmira, 23 Hun, 79, the plaintiff presented an order on the city treasurer, who told the plaintiff he could not pay interest, but that it was a custom, however, to make out bills for overdue interest, which, if authorized by the common council, he could pay. The plaintiff said, if he did not release his claim, he would accept the face sum of the order; otherwise, he would not, and that they would go to the city attorney. The court held that the plaintiff, having received the principal sum, was foreclosed from his action for interest.

˛ In Fleetwood v. City of New York, 2 Sandf. 475, cited in Cutter v. Mayor, supra, Post's Case (then considered) was distinguished from Fleetwood's, in that previous to payment the corporation counsel, with the assent of the street commissioner, promised that Post's rights under petition should be reserved. The court, after considering the effect of the assent to Post's being entitled to recover his money, say (page 481):

"The legal effect of the payment is not impaired by the protests made. When a party pays under duress of his goods, a protest may become important as evidence that the payment was the effect of the duress, and not an admission of the right enforced by the adverse party. But, where there is no legal compulsion, a party yielding to the assertion of an adverse claim cannot detract from the force of his concession, by saying, 'I object,' or 'I protest,' at the same time that he actually pays the claim. The payment nullifies the protest as effectually as it obviates the previous denial and contestation of the claim."

In Moore v. Fuller, 47 N. C. 205, the parties argued that the principal of a bond should be paid and the question of interest should be referred to arbitration. The arbitrator awarded interest. Upon refusal of payment, suit was brought; but the court decided that the plaintiff had no cause of action as on the bond, saying:

"A jury gives the interest in an action on a bond, by the way of damages, for the detention of the principal. That being gone, everything founded on it must go with it. Dixon v. Parks and Others, 1 Esp. 111. That was an action on a respondentia bond. The bond was payable 21 days after the arrival of the vessel at Canton; but, if not then paid, there was reserved an increase of interest. The ship arrived at Canton, but the bond was not paid for 3 months after the expiration of the 21 days, when the principal and interest, up to the 21 days, was paid; the defendant refusing to pay the increased interest for the 3 months, for which the action was brought. Lord Kenyon ruled 'that the plaintiff could not recover. * * * If he had intended to demand the increased interest, he ought not to have received the principal.' The same principle is stated in the cases of Tillotson v. Preston, 3 Johns. 229, Fake v. Eddy, 15 Wend. 76, and in Comparet v. Ewing, 8 Blackf. 328."

The reservation of the right to maintain an action for interest in the proceeding to determine the right to the award is of no moment, for

it appears that the right of the referee to pass on such question was expressly stricken out of the original order by the Appellate Division; i. e., the matter could not be litigated in that proceeding. Even if the question was properly before the court, there could have been no recovery of such interest after the receipt of the award. Davis v. Harrington, supra. I may say, further, that there is no proof of any authority in the clerk in the comptroller's office, or Mr. Hoag, which could in any event bind the defendant.

I recommend affirmance of the judgment, with costs. All concur.