Paul Revere Trust Company *vs.* Henry C. Castle.

Suffolk.   March 4, 1918. — October 1, 1918.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Bills and Notes.   Payment.   Interest.*

Where the holder of an overdue promissory note, which contains no express provision for the payment of interest, having brought an action thereon against the maker and later another action against the indorsers of the note, makes an agreement in writing with the indorsers that, upon payment by the indorsers on a certain day of the face of the note, he will accept such payment in full satisfaction of all demands and that an entry shall be made in the action against the indorsers of judgment satisfied, and where the indorsers on the day named pay to the plaintiff the amount agreed upon, which is "taken, accepted and received by the plaintiff under and by virtue of said agreement," and the entry of judgment satisfied is made in the action against the indorsers, the maker of the note has a right to the entry of judgment in his favor in the action against him, and no claim of the plaintiff to recover interest from the maker is open.

CONTRACT, the declaration, which originally was in two counts, having been amended by a substituted declaration which was filed at the time of the trial.   Writ dated January 8, 1914.

The substituted declaration was as follows:

"And the plaintiff says that it is a holder in due course of a promissory note made by the defendant, a copy of which is hereto annexed marked 'A'; that before maturity the said note was indorsed to the plaintiff, who is now the holder thereof.

"The plaintiff says that said note became due and payable October 12, 1913; and that payment thereof was duly demanded and refused; that on June 1, 1915, the plaintiff was paid the sum of six thousand (6,000) dollars being the principal due on said note,

but that the interest thereon has not been paid either in whole or in part.

"Wherefore, the defendant owes the plaintiff interest on six thousand (6,000) dollars from October 12, 1913, to June 1, 1915, together with interest on such sum from June 1, 1915, to date, and with protest fees."

The copy of the note marked "A" was as follows:

"$6,000                                Boston, June 12, 1913.

Four months after date I promise to pay to the order of Francis W. Lavery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Six Thousand . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 00/100 Dollars
Payable at Paul Revere Trust Co., Boston, Mass.
Value Received
No.                        Due.

Henry Castle,<br>45 Milk St., Boston.

Protested for non-payment
    Oct. 14, 1913 fees $2.04
        Whitford Hunter, Notary Public."

The defendant's amended answer to the substituted declaration is described in the opinion. It concluded as follows:

"And further answering the defendant says that on the seventh day of June, 1915, said date being the first Monday of June, 1915, said defendants, John W. Lavery and Francis W. Lavery, paid to the plaintiff the sum of six thousand (6,000) dollars in accordance with the terms and conditions of their said agreement [mentioned in the opinion] and said sum of six thousand (6,000) dollars was taken, accepted and received by the plaintiff under and by virtue of said agreement, but the plaintiff, in violation of its said agreement, refused to cause an entry of judgment satisfied to be made in the said action of the plaintiff against Francis W. Lavery and John W. Lavery; that said action went to judgment on the first Monday of June, 1915, and has been satisfied by the receipt and acceptance by the plaintiff of said sum of six thousand (6,000) dollars, according to said agreement and that said satisfaction is a bar to the action now pending between the parties hereto."

In the Superior Court the case was heard by *Hitchcock*, J., without a jury. The bill of exceptions contained the following:

statement: "To expedite the trial of said action, it was agreed by the counsel for the parties in open court that for the purposes of this case all the allegations contained in the defendant's amended answer are to be taken as true and to be so considered by the court, and in this agreement the court acquiesced. No other evidence was offered except the promissory note, a copy of which is annexed to the plaintiff's substitute declaration, which note bears the indorsements 'Francis W. Lavery' and 'John W. Lavery & Son' as alleged in the defendant's amended answer."

The judge refused to rule at the request of the defendant that the action could not be maintained, and found for the plaintiff in the sum of $663.65. The defendant alleged exceptions.

The case was submitted on briefs.

*H. F. R. Dolan, J. H. Morson & J. S. O'Neill,* for the defendant.

*D. Stoneman, A. I. Stoneman & A. G. Gould,* for the plaintiff.

BRALEY, J. It was agreed by the parties in the trial court before which the case was heard without a jury that "all the allegations contained in the defendant's amended answer are to be taken as true and to be so considered by the court, and in this agreement the court acquiesced." By those allegations it appears that the plaintiff, as the holder in due course of a promissory note for $6,000 dated June 12, 1913, payable four months from date and signed by the defendant as maker, and indorsed by "John W. Lavery & Son," caused the note to be protested at maturity for non-payment. The note remaining unpaid, the plaintiff on January 8, 1914, brought suit against the defendant and on February 18, 1914, began another action against John W. Lavery and Francis W. Lavery as indorsers to recover the face of the note with interest at the rate of six per cent per annum from October 12, 1913. While the actions were pending the plaintiff agreed in writing that, upon payment by the indorsers on or before a certain date of the face of the note, it would accept the amount in full satisfaction of all demands, and that an entry should be made in the second case of judgment satisfied. A verdict by order of the court and agreement of parties was subsequently returned for $6,510.04, and the case was continued for judgment to June 7, 1915, the date named in the agreement. The indorsers on that day paid to the plaintiff the amount agreed upon which "was taken, accepted and received by the plaintiff under and by virtue

of said agreement." But the plaintiff "refused to cause an entry of judgment satisfied to be made," and prosecuted its action, which is the case at bar, under a "substitute declaration" whereby it sought to recover the unpaid interest from the date of maturity of the note to the date of trial.

It is plain upon these material facts that the presiding judge, instead of finding and ordering judgment for the plaintiff for the amount demanded, should have ruled as requested by the defendant, that the action could not be maintained.

The maker and indorsers by the tenor of the note having been under no contractual obligation therefor, interest was not recoverable except as damages for non-payment of the principal, and, when the plaintiff accepted the principal in full payment, the right to recover the interest either against the indorsers or the maker was extinguished. *Dodge* v. *Perkins*, 9 Pick. 368, 388. *Whitcomb* v. *Whitcomb*, 217 Mass. 558, 565. *Davis* v. *Harrington*, 160 Mass. 278.

It follows that the exceptions must be sustained and judgment should be entered for the defendant.

*So ordered.*