(No. 24219.

The People *ex rel.* Weiboldt Stores, Inc., Appellant, *vs.* The City of Chicago *et al.* Appellees.

*Opinion filed April 15, 1938.*

Wilson, J., dissenting.

Sidley, McPherson, Austin & Burgess, Urion, Bishop & Sladkey, and Louis J. Victor, (Edwin C. Austin, Howard F. Bishop, George A. Mason, and Philip H. Schofield, of counsel,) for appellant.

Barnet Hodes, Corporation Counsel, (Joseph F. Grossman, Arthur A. Sullivan, and J. Herzl Segal, of counsel,) for appellees.

Mr. Chief Justice Farthing delivered the opinion of the court:

On May 18, 1936, appellant (hereafter called relator) filed its *mandamus* suit in the superior court of Cook county to compel the city of Chicago to pay a condemnation judgment for $371,028 rendered July 26, 1927, together with interest at five per cent per annum to May 15, 1936, in the amount of $163,302.32. Defendants (appellees here) filed their answer and, after a hearing, the writ was awarded

as prayed. On appeal to the Appellate Court for the First District, the judgment was reversed and the cause was remanded for further proceedings consistent with what was said in the opinion. We have granted leave to appeal.

The question presented here for the first time is whether there shall be set off against the interest on a judgment in a condemnation proceeding under the Local Improvement act of 1897 the value of the beneficial use of the property by the judgment creditor during the time the judgment remains unpaid. The proposition that condemnation judgments under the Local Improvement act are final judgments which draw interest under section 3 of the Interest act is definitely settled. (*Turk* v. *City of Chicago*, 352 Ill. 171; *Feldman* v. *City of Chicago*, 363 id. 247; *Blaine* v. *City of Chicago*, 366 id. 341; *Kamberos* v. *City of Chicago*, id. 471.) In the first three cases it was insisted that interest should not be allowed until possession was taken because the property owner was enjoying the rents, income and profits arising from the land. It was urged that under these circumstances it would be inequitable to also allow him to recover interest. We held that the finality of the judgment—not the date of possession—was the determining factor. We said that after the judgment became final and unconditional no dispute could arise between the city and property owner as to the amount to be paid. The land was then presumed to have been taken for public use, and the city could not escape payment of the judgment, regardless of when it took actual possession of the property condemned. With reference to the judgment creditor's possession after the judgment became final, we said in the *Turk case, supra,* at page 176: "What appellant [the city] did, after the date of the judgment, concerning possession of the property was a matter solely within its choosing. There is no authority in law for saying that it could enforce a tenancy on appellee without his agreement thereto, at a rental in the amount of the interest then accruing on the judgment or

in any amount. [Citing cases.] If appellant suffered appellee to remain on the premises such was its voluntary act, and it could not by its own act prevent the accrual of interest on the judgment."

Possession after final judgment is at the sufferance of the city, and may be terminated at any time. The judgment creditor can not sell or improve the condemned property, and it can not be profitably leased or rented. The judgment creditor is entitled to retain possession until the judgment is paid, and so he is not wrongfully withholding the condemned property. Such possession does not prevent the accrual of interest, nor does its value, if any, reduce the interest. This conclusion is supported by cases from other jurisdictions. In *Rosen* v. *City of Detroit,* 219 N. W. (Mich.) 726, Rosen brought an action of *mandamus* to compel the city of Detroit to pay a condemnation judgment of $86,000 and interest thereon. In holding the city could not set off the value of Rosen's possession, the Supreme Court of Michigan said: "The city was not entitled to possession. No promise or obligation on the part of plaintiffs to pay the city for use and occupation during such period can be implied. No principle supports the demand that plaintiffs account for such use and occupation. An account of rents, or of use and occupation, may not be set up against the final judgment on the theory of determining compensation. Compensation had been determined finally. The tribunal whose province it was to determine it had finished its labors. We are dealing with a final judgment, not with compensation. The statute does not provide for taking an account of use and occupation after judgment. It is anomalous that one must bring an action to determine the amount due on a final judgment." *Whitman* v. *City of Providence,* 44 R. I. 33, 144 Atl. 183, is to the same effect. It was there held that title to the land passed to the city when the final judgment was entered, and that interest was given, not as a part of the damages for the taking, but to

indemnify the property owner for the detention of money rightfully due him.

We have been referred to many cases from other States, some of them from courts of inferior jurisdiction. They are hopelessly conflicting, and the results reached in them depend upon the particular constitutional, statutory or charter provisions involved. They are of little value as precedents because the laws involved differ from ours. *Plum* v. *City of Kansas,* 101 Mo. 525, 14 S. W. 657, is relied on by appellees to sustain their position that rents and profits must be set off against interest, while relator relies on *Martin* v. *City of St. Louis,* 139 Mo. 246, 41 S. W. 231, as sustaining its position. Appellees say the cases are distinguishable, because in the former there were rents and profits to be set off, while in the latter there were none. But in *Brunn* v. *Kansas City,* 216 Mo. 108, 115 S. W. 446, the court was careful to point out that its decisions were based on the charter provisions involved, and this difference was given as the distinguishing feature. Appellees also rely on *State* v. *Humes,* 34 Wash. 347, 75 Pac. 348, but the Washington Supreme Court in the later case of *State* v. *City of Hoquiam,* 286 Pac. 286; 287 Pac. 670, departed from the *Humes case* and held that the judgment creditor is entitled to interest as well as the rents and income.

No purpose would be served in further discussing these cases from foreign jurisdictions. The logical result of the holdings in the *Turk, Feldman, Blaine,* and *Kamberos cases* above cited, to the effect the retention of possession does not preclude the accrual of interest, is that such possession does not offset such interest. This rule has the wholesome effect of stimulating the condemnor to prompt action, (*Brown* v. *United States,* 263 U. S. 78,) and does away with the anomalous situation which would ingraft a suit for interest onto every condemnation suit.

The superior court was correct in refusing to allow appellees' set-off and the Appellate Court erred in holding the

set-off should be allowed. Contrary to appellees' contention there was no uncertainty as to relator's right to the writ, since the asserted defense was of no avail and *mandamus* was the proper remedy.

The judgment of the Appellate Court is, therefore, reversed, and the judgment of the superior court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of superior court affirmed.*

Mr. JUSTICE WILSON, dissenting.