Northwestern Yeast Company, Appellee, v. City of Chicago, Appellant.

Gen. No. 40,625.

O'CONNOR, J., dissenting.

Opinion filed October 3, 1939.

Barnet Hodes, Corporation Counsel, for appellant; Joseph F. Grossman, First Assistant Corporation Counsel, and J. Herzl Segal, Assistant Corporation Counsel, of counsel.

Poppenhusen, Johnston, Thompson & Raymond and Aaron Soble, all of Chicago, for appellee; Max Chill and Jerome S. Klein, both of Chicago, of counsel.

Mr. Presiding Justice Matchett delivered the opinion of the court.

City of Chicago appeals from a judgment entered on the finding of the court. The pleadings disclose that the action was brought for interest claimed to be due upon a judgment obtained by the owners in an action brought by the City to appropriate certain premises under the Local Improvements Act [Ill. Rev. Stat. 1937, ch. 24, § 698 et seq.; Jones Ill. Stats. Ann. 76.003 et seq.]; that the judgment was obtained July 26, 1927, and after allowing for benefits was for the net amount of $231,737.; that on September 27, 1930, defendant paid to plaintiff by check $231,737, being the net award, and plaintiff at the same time conveyed the condemned premises to defendant by deed; that interest at 5 per cent from July 26, 1927, to September 27, 1930, amounts to $36,723.88, for which amount judgment was entered against the City in this action.

The pleadings disclose only one issue of fact, in this, that plaintiff claims that on September 27, 1930, when the City paid the judgment rendered in the condemnation proceeding, it protested because of nonpayment of interest, while the City contends the payment was received without protest. On this issue the court took evidence and found for the City. Plaintiff contends this finding is against the clear preponderance of the evidence. Three witnesses testified for plaintiff, one for defendant, on this issue. The testimony of two of plaintiff's witnesses is quite indefinite and uncertain.

One witness, the general superintendent of plaintiff, who was present when the payment was made, asked by the court what the attorney for plaintiff said to the representative of the City, replied, ''We thought we were entitled to interest. He said, the City doesn't pay interest. We said we would accept it as it is. As it was.'' Another witness for plaintiff was one of its attorneys, who withdrew his appearance as attorney before testifying. He testified positively to a protest against nonpayment of interest but in the course of his cross-examination said that the decision in *Turk v. City of Chicago,* 352 Ill. 171 (the first case in which the Supreme Court held that judgments rendered under section 32 of the Local Improvements Act would draw interest) was handed down a few years after the settlement was made. The *Turk* case, 264 Ill. App. 619 (Abst.), was decided in this court December 28, 1931, and followed 10 similar cases decided by this court June 30, 1930. *University of Chicago v. City of Chicago,* 258 Ill. App. 189. On the other hand, the supervisor of condemnation awards for the City, who made payment in its behalf, states positively that there was no conversation relative to a claim for interest at the time the voucher was signed and the check delivered to plaintiff. The transaction occurred September 27, 1930. This suit was not begun until May 21, 1935. The voucher, indorsed by plaintiff, does not indicate that the matter of interest was under consideration. The trial judge saw and heard the witnesses. We cannot say that his finding of fact is clearly and manifestly against the weight of the evidence.

However, assuming no formal protest was made, we agree with the trial judge that, as a matter of law, the issue of fact made was immaterial. The question of whether judgments in condemnation proceedings under the Local Improvements Act, as provided for in section 32 thereof, draw interest has been the subject of much litigation in the courts during recent years. This

court granted a certificate of importance in the *Turk* case (*University of Chicago v. City of Chicago,* 258 Ill. App. 189) and the Supreme Court upon a rehearing granted affirmed the judgment of this court in *Turk v. City of Chicago,* 352 Ill. 171. The opinion reviews at length the Illinois cases, and holds that a judgment rendered pursuant to section 32 of the Local Improvements Act is a *quod recuperet* judgment to which section 3 of the Interest Act is applicable, and that the owner may recover interest even though the defendant is a municipality. It was argued the Supreme Court was committed to the rule that the Interest Act allowed interest in such condemnation cases only after possession had been taken. The Supreme Court said that such a judgment bore interest by virtue of the statute, and that cases holding possession must first be taken were not applicable. To the same effect is the later case of *Blaine v. City of Chicago,* 366 Ill. 341.

In *Feldman v. City of Chicago,* 276 Ill. App. 142, the question was whether the interest on such a judgment could be collected after the judgment itself had been paid. This court, relying on *Davis v. Harrington,* 160 Mass. 278, and similar cases in many jurisdictions (all of which are cited in the opinion), held that interest on such a judgment was awarded as damages for delay in the payment of the award, was merely incidental to the debt, and that where the principal had been paid without interest the right to collect interest was lost, even though the payment was accepted under protest. In conformity with this view this court reversed the judgment of the municipal court of Chicago. Appeal was allowed by the Supreme Court and in 363 Ill. 247, the judgment of this court was reversed and that of the municipal court affirmed. The Supreme Court said (p. 254):

"The decision of the Appellate Court that the city was not liable for interest in this case was based largely upon an ingenious argument of counsel, re-

peated here, that when the owners accepted payment of the principal of the judgment they abandoned whatever claim they might have had to interest. This argument, however, finds no support either in the admitted facts before us, in the provisions of the statutes or in the decisions of this court. It ignores the essential fact that here the interest is purely statutory, and arises neither from an agreement, express or implied, nor by way of damages or penalty for delay in payment of the principal. None of the necessary elements of accord and satisfaction exist here, as the claim was for a sum certain, the amount was not in dispute, and there was no offer to pay or accept less than the judgment in full settlement. On the contrary, it is conceded that when the city paid the judgment the owners then demanded interest and accepted under protest the payment of the judgment without interest. Under these circumstances there was no waiver of the interest.''

In the later case of *People v. Kelly,* 368 Ill. 164, the Supreme Court held that the question of whether the City might set off the beneficial use of the property against the claim for interest on the judgment did not raise a constitutional question for the reason (quoting from the *Turk* case) that ''it [the argument] ignores the essential fact that here the interest is purely statutory, and arises neither from an agreement, express or implied, nor by way of damages or penalty for delay in payment of the principal.'' The opinion again cites the *Turk* and *Feldman* cases with *Blaine v. City of Chicago,* 366 Ill. 341, and *Kamberos v. City of Chicago,* 366 Ill. 471.

In *People ex rel. Wieboldt Stores, Inc. v. City of Chicago,* 368 Ill. 421, there was for the first time presented to the Supreme Court the question of whether the City could set off against a claim for interest the value of the beneficial use of the property by the judgment creditor who was allowed to remain in possession. That proceeding was by way of mandamus against the City

to compel the payment of a judgment with interest, and the Supreme Court, reversing this court, held that the City could not set off such beneficial use of the property against the claim for interest, saying in its opinion: "No purpose would be served in further discussing these cases from foreign jurisdictions."

In *Blakeslee's Storage Warehouses, Inc. v. City of Chicago*, 369 Ill. 480, the Supreme Court again held that the recovery of interest, except when contracted for, found its only authority in the statute, and that if the owner of a judgment was entitled to interest on it, it was not by virtue of the judgment rendered in the judicial proceeding but arose solely under the provisions of the statute. The court said that interest was not recoverable on interest and that if the plaintiff was entitled to recover interest at all, it was only on the amount of the judgment from the date the judgment was entered until the date it was paid. It said (p. 484):

"The right to interest under the statute on a condemnation judgment is well settled. (*Blaine v. City of Chicago, supra; Feldman v. City of Chicago, supra; Turk v. City of Chicago, supra; Girard Trust Co. v. United States,* 270 U. S. 163, 70 L. Ed. 524.) . . . The claim is for interest which is solely of statutory origin."

In that case the Statute of Limitations was pleaded and the court held that the 20-year limitation allowed for bringing suit upon a judgment was not applicable to an action for interest because the action was not upon the judgment, which had been paid. The court therefore held that the claim was barred by section 15 of the limitations statute.

In this case the City again insists that the claim of plaintiff to interest on the judgment was an incident of the principal and was extinguished, as a matter of law, when the principal was paid and accepted as full pay-

ment of plaintiff's claim for compensation without protest or reservation of right to interest. It again cites *Davis v. Harrington,* 160 Mass. 278, 35 N. E. 771, with numerous cases from other jurisdictions which follow that decision. It would serve no useful purpose to again review all these cases.

*Feldman v. City of Chicago,* 363 Ill. 247, is on all fours with this case except that here there is a finding of fact that no protest was made by plaintiff at the time the judgment was paid. Upon what legal theory this fact is material the briefs of the City do not advise. It is not argued that the Statute of Limitations is applicable, nor is it suggested that there are any facts which (assuming no protest was made) would amount to an estoppel as against plaintiff. There was no element of a novation present nor of accord and satisfaction, and no consideration therefor. There is a suggestion that by failing to protest plaintiff waived its claim. Defendant's arguments are not consistent as to this. On the question of the issue of fact it is argued that plaintiff's attorney did not protest because the *Turk* case had not been decided at the time the judgment was paid. But conceding this to be true, plaintiff could not waive a right of which it did not have knowledge, for waiver is an intentional relinquishment of a known right. Plaintiff could not have the intention to waive a right of which it had no knowledge. *First Lutheran Church of Pontiac v. Rooks Creek Evangelical Lutheran Church,* 316 Ill. 196; *Feldman v. City of Chicago,* 363 Ill. 247. We hold the mere failure of plaintiff to protest that interest was not included at the time the judgment was paid did not amount to a waiver, to a novation, to an accord and satisfaction, or to a gift.

The judgment is justified under the law and is affirmed.

*Affirmed.*

McSurely, J., concurs.

MR. JUSTICE O'CONNOR dissenting: The learned trial judge found at the time of the payment by defendant to plaintiff of the amount of the judgment plaintiff made no protest. The last expression of our Supreme Court on the nature of interest on a condemnation judgment, etc., is found in *Blakeslee's Storage Warehouses, Inc. v. City of Chicago,* 369 Ill. 480. In that case suit was brought to recover interest on the amount of the judgment awarded in a condemnation proceeding. The suit was not brought until more than five years after the judgment was paid and the Supreme Court held the five-year Statute of Limitations barred the action. In that case the Supreme Court considered the nature of a judgment entered in a condemnation suit and section 3 of our Interest Act [Ill. Rev. Stat. 1937, ch. 74, par. 3; Jones Ill. Stats. Ann. 67.03], which provides that all judgments shall draw interest at the rate of 5 per cent from the date of entry until satisfied, and held that such judgments draw interest under that statute; and continuing said (p. 483): "On the other hand, the right to interest apart from contract, such an interest on a judgment, does not emanate from the controversy, or from the judgment, or from anything of a judicial nature. At common law, interest could be recovered in no case except where there was an express agreement therefor. Because of losses occasioned by delay in the payment of final judgments the legislature provided a remedy for such losses by way of interest thereon as fair compensation for such delays. The remedy is found in section 3 of the Interest act. The recovery of interest in this State, not contracted for, finds its only authority in the statute. It is purely statutory. *Blaine v. City of Chicago, supra; Feldman v. City of Chicago,* 363 Ill. 247; *Turk v. City of Chicago,* 352 id. 171." The court then discusses section 3 of our Interest Act and refers to opinions of the Supreme Court; and continuing said (p. 484): "It is obvious

that at the time the judgment was entered there was no interest due. Hence, the subsequently accruing interest, recoverable by virtue of the statute, could not be a part of the judgment when it was entered. . . . The conclusion is inescapable that interest on a judgment is not a part of it.''

The holding in the *Blakeslee* case followed what was said by our Supreme Court in *People ex rel. Wieboldt Stores, Inc. v. City of Chicago,* 368 Ill. 421, where the court approved the case of *Whitman v. City of Providence,* 44 R. I. 33, saying (p. 423) : ''It was there held that title to the land passed to the City when the final judgment was entered, and that interest was given, not as a part of the damages for the taking, but to indemnify the property owner for the detention of money rightfully due him.''

In the *Wieboldt* case the court held that the interest statute applied to condemnation judgments and that interest was to be paid the property owner so that he would receive fair compensation for delay in payment of the judgment.

In the instant case, the interest being no part of the judgment (following the rule announced by the Supreme Court in the *Blakeslee* case, that its allowance is authorized by section 3 of the Interest Act to compensate the property owner for the delay in payment of the condemnation judgment) and plaintiff having accepted without protest the amount of the judgment, his right to interest was gone. *Stewart v. Barnes,* 153 U. S. 456, 38 L. Ed. 781, 14 Sup. Ct. 849 ; *Davis v. Harrington,* 160 Mass. 278; *Bassick Gold Mine Co. v. Beardsley,* 49 Col. 275 ; *Pacific R. R. Co. v. United States,* 158 U. S. 118, 39 L. Ed. 918, 15 Sup. Ct. 766; *Cutter v. Mayor of New York,* 92 N. Y. 166 ; *King v. Phillips,* 95 N. C. 245.

The rule announced in the above cases is well stated by the highest court of Massachusetts in the *Davis* case

(160 Mass. 278) where it is said: ''But interest which is allowed by way of damages and for the neglect to pay promptly is a mere incident of the debt, which falls when the debt itself is extinguished. It is well settled that in such a case, if the debt is paid, there can be no recovery afterward for the interest which might have been collected.''