NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-261

RONDOUT GROUP ADVISORS, LLC, & another[1]

vs.

FRESH AMERICAN, LLC, & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This contract dispute arose after the defendants, including an accomplished interior designer, hired the plaintiffs to advise them on the acquisition of a company that sold the interior designer's goods through various brands. The deal closed, but not without acrimony; afterward, the defendants alleged various contractual breaches by the plaintiffs and refused to pay the plaintiffs their contracted-for fees. The plaintiffs claimed breach and asserted their right to payment, and a judge of the Superior Court allowed in part and denied in part cross motions for summary judgment. Because there are

---

[1] Dalkeith Group, LLC.

[2] PCH, Inc., Christian L. Selke, and James B. Crane, II.

genuine disputes of material fact, we vacate the judgment on the plaintiffs' G. L. c. 93A claim, remand the case to the Superior Court for proceedings consistent with this decision on that claim, and otherwise affirm the judgment.

Background. "We summarize the undisputed facts drawn from the summary judgment record; to the extent the record includes disputed evidence, we consider that evidence in the light most favorable to [the nonmoving party]." Cesso v. Todd, 92 Mass. App. Ct. 131, 132 (2017), citing Ritter v. Massachusetts Cas. Ins. Co., 439 Mass. 214, 215 (2003).

The plaintiffs Rondout Group Advisors, LLC (Rondout) and Dalkeith Group, LLC (Dalkeith) (collectively, the plaintiffs) were hired by the defendants Christian Selke, James B. Crane II, and PCH, Inc. (PCH) in April 2019 to aid PCH in acquiring a majority stake in the defendant company Fresh American, LLC (Fresh American) (collectively, the defendants). Rondout and Dalkeith were contracted to advise on the transaction and help secure third-party financing. The deal closed on December 27, 2019.

However, beginning in early December 2019, the defendants began asserting that the plaintiffs had committed a breach of their contracts and asked to reduce the plaintiffs' fees. We provide details of these discussions as relevant below. The plaintiffs subsequently filed suit in Superior Court, alleging

2

breach of contract, breach of the covenant of good faith and fair dealing, violation of G. L. c. 93A, § 11, and intentional interference with contractual relations. After the case was filed, the defendants paid, and the plaintiffs accepted, the full amount of compensation the plaintiffs claimed they were due under the respective contracts, save attorney's fees.

The parties filed cross motions for summary judgment on all claims. The motion judge allowed summary judgment for the plaintiffs on their G. L. c. 93A claim and for the defendants on the remaining claims. The parties cross-appealed. The defendants assert that the motion judge erred in allowing summary judgment on the c. 93A claim because she failed to consider the evidence on certain issues, improperly viewed the evidence in the light most favorable to the plaintiffs on others, and impermissibly made factual findings on disputed evidence. The defendants also maintain that the judge erred in denying a motion to amend the complaint to add Robert Garcia (then Rondout's managing director) as a party and assert counterclaims against him. For their part, the plaintiffs contend the motion judge erred in her assessment of the applicable postjudgment interest amount and her calculation of attorney's fees. They also maintain that their breach of contract claims were improperly dismissed.

Discussion.  Because we conclude that summary judgment was improvidently allowed for the plaintiffs on their G. L. c. 93A claim, we begin there.  Next, we address the allowance of summary judgment for the defendants on the contract claims.  Finally, we turn to the denial of the defendants' motion to amend.

1.  Summary judgment.  "We review the disposition of a motion for summary judgment de novo to determine whether all material facts have been established such that the moving party is entitled to judgment as a matter of law" (citation omitted).  American Int'l Ins. Co. v. Robert Seuffer GMBH & Co. KG, 468 Mass. 109, 113, cert. denied, 574 U.S. 1061 (2014).  "The allowance of a motion for summary judgment 'is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.'"  Williams v. Board of Appeals of Norwell, 490 Mass. 684, 689 (2022), quoting Barron Chiropractic & Rehabilitation, P.C. v. Norfolk & Dedham Group, 469 Mass. 800, 804 (2014) (Barron).

"[A] dispute about a material fact is 'genuine' when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' and a fact is 'material' when it 'might affect the outcome of the suit under the governing law.'"  Dennis v. Kaskel, 79 Mass. App. Ct. 736, 740-741 (2011), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

4

"[T]he moving party had 'the burden of demonstrating affirmatively the absence of a genuine issue of material fact on every relevant issue, regardless of who would have the burden on that issue at trial.'" Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824, 829 (2016), quoting Arcidi v. National Ass'n of Gov't Employees, Inc., 447 Mass. 616, 619 (2006). Crucially, "a judge does not engage in fact finding when ruling on cross motions for summary judgment." 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 699 (2012). Rather, "[w]hen parties have filed cross motions for summary judgment, 'we view the evidence in the light most favorable to the party against whom summary judgment was entered.'" Berry v. Commerce Ins. Co., 488 Mass. 633, 636 (2021), quoting Conservation Comm'n of Norton v. Pesa, 488 Mass. 325, 330 (2021).

a. The G. L. c. 93A, § 11 claim. A commercial G. L. c. 93A claim, like the one brought by the plaintiffs, rests on "the use of 'coercive or extortionate tactics' by one business to 'extract undeserved concessions from other business entities.'" H1 Lincoln, Inc. v. South Washington Street, LLC, 489 Mass. 1, 15 (2022), quoting Renovator's Supply, Inc. v. Sovereign Bank, 72 Mass. App. Ct. 419, 430 (2008). "One form that commercial extortion takes is the use of breaches of contract, or threatened breaches, as leverage to extract

5

additional benefits not covered by the contract." H1 Lincoln, supra at 15.

As the plaintiffs see it, that is what happened here. They maintain that the undisputed evidence demonstrated that the defendants had threatened to cancel the deal on the eve of closing as leverage to extract a lower contract price for the plaintiffs' work. The plaintiffs assert that, as a matter of law, this was commercial extortion in violation of G. L. c. 93A. But viewing the evidence, as we must, "in the light most favorable to the party against whom summary judgment entered," Conservation Comm'n of Norton, 488 Mass. at 330, we disagree.

The defendants respond that it was the plaintiffs' actions that constituted a breach of the contracts, rather than an effort to extract undeserved concessions, that provoked their efforts to reduce the plaintiffs' compensation. For example, the defendants contend that Garcia and the plaintiffs schemed to limit Selke's postclosing compensation and reduce her control of the company, while adding to Garcia's control -- all against the defendants' best interests and in violation of the contracts. The defendants allege further that Garcia and the plaintiffs violated the contracts by refusing to respond to their messages during the critical period leading up to the anticipated closing date. The defendants also point to evidence that the plaintiffs lied to them about the reason a key investor backed out of the

6

transaction.  According to Selke, the defendants claimed the investor wanted Garcia to control the resulting board of directors, when, in reality, Garcia had lied to the investor and said Selke had gotten "cold feet" after she terminated the Rondout contract.  Finally, the defendants assert that Garcia and the plaintiffs failed to make an investment in the resulting company as they had promised.  Accordingly, the defendants say, their preclosing communications were not "threats," but instead an appropriate response to Garcia and the plaintiffs' conduct.

These contentions are supported by record evidence and raise sufficient disputes of material fact to defeat summary judgment.  The plaintiffs urge us to adopt the view that, even if true, these supposed breaches did not relieve the defendants of their contractual obligation to pay the plaintiffs.  In essence, the plaintiffs assert that the only "material" term of the agreement was whether a deal closed.  In the absence of evidence showing that the closing was the only term of the contracts the parties considered material, we are unpersuaded.  Because there is nothing in the record -- read in the light most favorable to the defendants -- that rebuts the defendants' contentions, summary judgment was not appropriate on this record.  See Berry, 488 Mass. at 636.  Because judgment for the plaintiffs on the G. L. c. 93A claim was improper, the judgment awarding the plaintiffs their attorney's fees and costs is

vacated.  We express no opinion on the amount of fees and costs awarded.

For the same reasons detailed above, the denial of the defendants' motion for summary judgment on the c. 93A claim was proper.  Viewing the record in the light most favorable to the plaintiffs, there are disputed material facts as to the context and dealings surrounding the defendants' failure to pay the defendants the fees owed under the contracts at the time of the closing.

b.  The contract claims.  The plaintiffs assert that the Superior Court judge improperly allowed summary judgment for the defendants as to the breach of contract and breach of the covenant of good faith and fair dealing claims.  We disagree.

"Under common-law principles of contract, . . . a plaintiff may reject a defendant's disputed tender of payment, made after the date set for payment has expired, and litigate its breach of contract claim to completion."  Barron, 469 Mass. at 805.  However, "a plaintiff also is entitled to accept and thereby validate an otherwise improper late tender.  Such acceptance removes the 'foundation of [a potential contract] suit' and necessitates the dismissal of a suit already commenced."  Id. at 807 n. 11, quoting Davis v. Harrington, 160 Mass. 278, 280 (1894).

Such is the case here.  In September 2021, the plaintiffs accepted payment of $2.1 million from the defendants, which represented the entirety of the disputed fees.  The plaintiffs' assertion that they continued to dispute liability is nugatory; as a matter of law, their acceptance of the late tender removed the basis for their contract claims.  Barron, 469 Mass. at 807 n.11.  Their position that the $2.1 million did not represent the full tender because it did not include accrued statutory interest is similarly unpersuasive; statutory interest is not required for a full tender.  See Barron, supra at 809 (acceptance of full tender bars recovery of judgment that would entitle plaintiff to statutory interest and attorney's fees); Paul Revere Trust Co. v. Castle, 231 Mass. 129, 132 (1918) ("when the plaintiff accepted the principal in full payment the right to recover the interest . . . was extinguished"); Davis, 160 Mass. at 280 (plaintiff who accepted tender made after suit commenced not entitled to interest and costs).

Because a claim for breach of the covenant of good faith and fair dealing is a suit on the underlying contract, Anthony's Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 471-472 (1991), the "ordinary contract principles" from Barron apply with equal force.  See Barron, 496 Mass. at 805-806.  The plaintiffs accepted the full tender they were due under the

9

contracts, negating any basis in contract for suit.  See id. at 807 n.11.

2.  Denial of the defendants' motion to amend.  We review the denial of a motion to amend for abuse of discretion.  Larkin v. Dedham Med. Assocs., Inc., 93 Mass. App. Ct. 661, 665 (2018).  Leave to amend a pleading "shall be freely given when justice so requires."  Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974).  "Although leave to amend is within the discretion of the judge, leave should be granted unless there appears some good reason for denying the motion."  Goulet v. Whitin Mach. Works, 399 Mass. 547, 549 (1987).  Such reasons include undue delay, bad faith, imminence of trial, prejudice to another party, status of discovery, and similarity of claims.  See Sullivan v. Iantosca, 409 Mass. 796, 800-801 (1991), citing Goulet, supra at 550-551.

The judge denied the defendants' motion for leave to assert counterclaims "as moot, given the Order on Summary Judgment."  Because we vacate the allowance of summary judgment on the G. L. c. 93A claim, we vacate the order denying the defendants' motion to amend, permitting the motion judge to reassess and weigh the appropriate factors given the new posture.

Conclusion.  The allowance of summary judgment on the plaintiffs' G. L. c. 93A claim is vacated, as is the award of

10

attorney's fees and costs to the plaintiffs.[3]  The order denying the defendants' motion to amend is also vacated.  The judgment is otherwise affirmed, and the case is remanded for proceedings consistent with this decision.

<u>So ordered</u>.

By the Court (Desmond, Hershfang & Brennan, JJ.[4]),

Clerk

Entered:  June 9, 2026.

---

[3] Accordingly, the plaintiffs' request for appellate attorney's fees is denied.

[4] The panelists are listed in order of seniority.